**Herald E. STRINGER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 14659.**

United States Court of Appeals Ninth Circuit.

Aug. 25, 1955.

George B. Grigsby, Wendell P. Kay, Edward V. Davis, Harold J. Butcher, Anchorage, Alaska, for appellant.

William T. Plummer, U. S. Atty., Anchorage, Alaska, for appellee.

Before DENMAN, Chief Judge, BONE and ORR, Circuit Judges.

DENMAN, Chief Judge.

Appellant Stringer moves to dismiss his appeal from an order suspending him from practicing as an attorney for 120 days made by the District Court of the Third Division of Alaska. The court found that by Stringer's misrepresentations he had collected fees from his client to which he was not entitled. 124 F. Supp. 705.

He contends that the amendment of the Alaska law respecting the discipline of attorneys, enacted after the order appealed from, requires such a dismissal because the new act is an entire substitute for the instant act and repeals it. He cites such cases as The Peggy, 1 Cranch 103, 110, 2 L.Ed. 49; State of Missouri ex rel. Wabash R. Co. v. Public Service Commission, 273 U.S. 126, 47

S.Ct. 311, 71 L.Ed. 575 and others. The appellee agrees these cases would support appellant's contention were it not for the particular Alaska savings clause statute, hereafter considered.

It is true the amendment provides an entirely different procedure for the discipline of attorneys from that in the instant case. The law under which the order was made[1] provides for a trial by the court where, as here, the wrongful acts were not committed in its presence. The new act, § 16, chapter 196, S.L.A. 1955 provides in cases of such misconduct that the proceeding be commenced before the Integrated Bar Association of Alaska, then taken to the district court where, if the charges are sustained, the court makes its final order of permanent disbarment or temporary suspension from practice. It is highly pertinent that in each statute the court makes such a final order and has the power to cause its execution.

We agree with the appellee that the Alaska statute creating a general savings clause with respect to amendatory laws, places in the district court the power to require the execution of the final order here appealed from and that we have before us a valid and continuing appeal. § 19–1–1, A.C.L.A.1949 as amended by S. L.A.1955 provides:

"The repeal or amendment of any statute *shall not affect* any offense committed or any act done or right accruing or accrued or *any action or proceeding* had or *commenced prior to such repeal or amendment;* nor shall any *penalty,* forfeiture or liability incurred under such statute *be released or extinguished,* but the same may be *enforced,* continued, sustained, prosecuted and punished under the repealing or amendatory statute save as limited by the ex post facto and other provisions of the Constitution, in which event the same may be enforced, continued, sustained, prosecuted and punished under the former law as if such repeal or amendment had not been made * * *" (Italics added.)

The only act the district court was required to perform at the time of the enactment of the amendment was the enforcement of its final order, which enforcement is the same under the amendment as under the instant statute.

The motion to dismiss is denied.

1. §§ 35–2–72, 73, 76, 77, A.C.L.A.1949.