**Cornelius P. COUGHLAN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 14726.**

United States Court of Appeals
Ninth Circuit.

Aug. 25, 1955.

Rehearing Denied Oct. 3, 1955.

See also, 9 Cir., 221 F.2d 117.

[1]. §§ 35–2–72, 73, 76, 77, A.C.L.A.1949.

678

Cornelius P. Coughlan, Fairbanks, Alaska, for appellant.

Theodore F. Stevens, U. S. Atty., George M. Yeager, Philip W. Morgan, Asst. U. S. Attys., Fairbanks, Alaska, for appellee.

Before DENMAN, Chief Judge, BONE and ORR, Circuit Judges.

DENMAN, Chief Judge.

Coughlan moves for our summary judgment of reversal of his appeal from a judgment disbarring him from practicing in the Alaskan courts. As in the case of Stringer v. United States, 9 Cir., 225 F.2d 676, Coughlan contends that the general savings provision for existing statutes does not leave in the district court the power to execute the judgment. As seen, we have held the contrary in the Stringer case.

To the contentions in the Stringer case, Coughlan adds that the later disbarment statute contains a specific savings clause which controls the provisions of the general savings clause. What he relies upon is the provision in the amendatory statute that:

"The following provisions of law are expressly continued in force and effect to and including June 30, 1955, but thereafter they shall be deemed repealed in their entirety. * * " [1] including the prior disbarment act.

His contention is that while the judgment rendered March 23, 1955, before the amending act, remains a valid judgment until June 30, 1955, it being on that date under appeal in this court with the right to seek certiorari from the United States Supreme Court, in recess in June, the proceeding is obliterated if by this entire procedure the judgment has not become final before June 30, 1955.

We do not believe that the Alaska Legislature intended we should make such an absurd construction of the above quoted provision. To the contrary is the express language of the same section, as follows:

"* * * It is the intent and purpose of this section to provide for an orderly transition from the governing of the practice of law in Alaska as at present, by the provisions herein specified for repeal, to its governing under rules and regulations, having the force of law, of the Board of Governors of the Alaska Bar. * * * To accomplish the intent and purpose herein set forth this section shall be liberally construed."

Construing the language of the June 30, 1955 provision, to effect an "orderly transition for the governing of the practice of law in Alaska, by the provisions herein specified for repeal, to its governing under rules and regulations * * * of the Board of Governors of the Alaska Bar" we hold that final judgment of Coughlan's disbarment by virtue of the general savings provision [2] continues after June 30, 1955, subject to the instant appeal and such further proceedings as may be invoked.

The motion for a summary judgment of reversal is denied.

1. § 16, Chapter 196, S.L.A., 1955.

2. § 19-1-1, A.C.L.A., 1949.