The Chief Justice
 

 delivered the opinion of the court.
 

 In this case the court is of opinion that the schooner Peggy is within the provisions of the treaty entered into with France and ought to be restored. This vessel is not considered as being definitively condemned. The argument at the bar which contends that because the sentence of the circuit court is denominated a final sentence, therefore its condemnation is definitive in the sense in which that term is used in the treaty, is not deemed a correct argument. A decree or sentence may be interlocutory or final in the court which pronounces it, and receives its
 
 *109
 
 appellation from its determining the power of that particular court over the subject to which it applies, or being only an intermediate order subject to the future control of the same court. The last decree of an inferior court is final in relation to the power of that court, but not in relation to the property itself, unless it be acquiesced under. The terms used in the treaty seem to apply to the actual condition of the property and to direct a restoration of that which is still in controversy between the parties. On any other construction the word
 
 definitive
 
 would be rendered useless and inoperative. Vessels are seldom if ever condemned but by a final sentence. An interlocutary order for a sale is not a condemnation. A stipulation then for the restoration of vessels not yet condemned, would on this construction comprehend as many cases as a stipulation for the restoration of such as are not yet definitively condemned. Every condemnation is final as to the court which pronounces it, and no other difference is perceived between a condemnation and a final condemnation, than that the one terminates definitively the controversy between the parties and the other leaves that controversy still depending. In this case the sentence of condemnation was appealed from, it might have been reversed, and therefore was not such a sentence as in the contemplation of the contracting parties, on a fair and honest construction of the contract, was designated as a definitive condemnation.
 

 It has been urged that the court can take no notice of the stipulation for the restoration of property not yet definitively condemned, that the judges can only enquire whether the sentence was erroneous when delivered, and that if the judgment was correct it cannot be made otherwise by any thing subsequent to its rendition.
 

 The constitution of the United States declares a treaty to be the supreme law of the land. Of consequence its obligation on the courts of the United States must be admitted. It is certainly true that the execution of a contract between nations is to be demanded from, and, in the general, superintended by the executive of each nation, and therefore, whatever the decision of this court may be relative to the rights of parties litigating before it, the claim upon the nation if unsatisfied, may still be asserted.
 
 *110
 
 But yet where a treaty is the law of the land, and as such affects the rights of parties litigating in court, that treaty as much binds those rights and is as much to be regarded by the court as an act of congress; and although restoration may be an executive, when viewed as a substantive, act independent of, and unconnected with, other circumstances, yet to condemn a vessel, the restoration of which is directed by a law of the land, would be a direct infraction of that law, and of consequence, improper.
 

 It is in the general true that the province of an appellate court is only to enquire whether a judgment when rendered was erroneous or not. But if subsequent to the judgment and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied. If the law be constitutional, and of that no doubt in the present case has been expressed, I know of no court which can contest its obligation. It is true that in mere private cases between individuals, a court will and ought to struggle hard against a construction which will, by a retrospective operation, affect the rights of parties, but in great national concerns where individual rights, acquired by war, are sacrificed for national purposes, the contract, making the sacrifice, ought always to receive a construction conforming to its manifest import; and if the nation has given up the vested rights of its citizens, it is not for the court, but for the government, to consider whether it be a case proper for compensation. In such a case the court must decide according to existing laws, and if it be necessary to set aside a judgment, rightful when rendered, but which cannot be affirmed but in violation of law, the judgment must be set aside.