MARÍA DEL ROSARIO ENJUTO, Petitioner and Appellant, v. THE PEOPLE OF PUERTO RICO, Respondent and Appellee.

No. 7069. Argued June 24, 1935.—Decided November 6, 1935.

*Carlos J. Torres Laborde* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal) of the Supreme Court,* and *Tulio Rodríguez, District Attorney of Guayama,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The District Court of Guayama removed a tutor and ordered a cancellation of the record entry as to the tutorship. The district attorney has moved to dismiss the appeal on the ground that the decree of removal was unappealable by the terms of section 198 of the Civil Code (1930 ed.).

■■■ Appellant concedes that prior to 1904 no appeal could have been taken, but submits that section 198 of the Civil Code was repealed by section 295 of the Code of Civil Procedure which authorizes an appeal from "a final judgment in an action or special proceeding commenced" in a district court. Section 295, however, must be construed in connection with section 292 of the Code of Civil Procedure which provides that:

"A judgment or order in a civil action, except when expressly made final, may be reviewed as prescribed in this Code, and not otherwise."

In *Sharon* v. *Hill,* 26 Fed. Rep. 337, 389 (1885), the Circuit Court, D. California, said:

" . . . Judgments are said to be final in two senses: final as to the court in which they are rendered, so as to be subject to appeal; and final *as to the subject-matter upon which the judgment is rendered, so as not to be open for further consideration or modification in the tribunal wherein it is rendered, or in any other.* This distinction is clearly recognized in the law in this state and elsewhere.

"In *Hills* v. *Sherwood,* 33 Cal. 478, the court upon this point says:

" 'A judgment may be a final adjudication in different senses. It may be final as to the court which rendered it, *without being final* as to the subject-matter. "The last decree of an inferior court is

final in relation to the power of *that court, but not in relation to the property itself,* unless it be acquiesced in." *U. S.* v. *The Peggy,* 1 Cranch, 103. Although a judgment may be final with reference to the court which pronounced it, and as such be the subject of an appeal, yet it is not final with reference to the *property. or rights affected,* so long as it is subject to appeal and liable to be reversed.'

"Under the Code 'a judgment is the *final determination of the rights of the parties* in an action or proceeding' (Code Civil Proc., section 577), that is to say, final as to the subject-matter. The Code recognizes the distinction as to judgments final as to the subject-matter and final as to the courts rendering them. Thus, section 936 of the Code of Civil Procedure provides that 'a judgment or order in a civil action, *except when expressly made final by the Code,* may be reviewed as prescribed in this title, and not otherwise.' 'When expressly made final by this Code' means, of course, final as to the subject-matter, final and conclusive of the rights of the parties involved. But section 939 provides that 'an appeal may be taken (1) from a final judgment in an action,' etc.; '(2) from an order granting or refusing a new trial.' See, also, section 963. In these sections it is equally obvious that the word 'final' means 'final' in the other sense—'final' only as to the action of the court rendering it."

Section 198 of the Civil Code was not repealed by section 295 of the Code of Civil Procedure, because that section has no application to judgments or decrees which have been "expressly made final," in the sense in which the word "final" is used in section 292, and section 198 of the Civil Code makes the decree for the removal of a tutor final in the sense in which that word is used in the said section 292.

The appeal must be dismissed.