## DURNIL v. J. E. DUNN CONST. CO.

### No. 14060.

United States Court of Appeals
Eighth Circuit.

Jan. 17, 1951.

28

Henry A. Riederer, Kansas City, Mo. (Wilbur B. Ennis, Kansas City, Mo., on the brief), for appellant.

William B. Teasdale, Kansas City, Mo. (James P. Aylward and George V. Aylward, Kansas City, Mo., on the brief), for appellee.

Bessie Margolin, Asst. Solicitor, United States Department of Labor, Washington, D. C. (William S. Tyson, Solicitor, William A. Lowe and Joseph D. Mladinov, Attorneys, all of Washington, D. C., and Francis M. Cook, Regional Attorney, United States Department of Labor, Kansas City, Mo.), for Secretary of Labor, United States Department of Labor, as amicus curiæ.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal by the plaintiff from a judgment for the defendant in an action under the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 201–219, as amended, to recover for unpaid minimum wages and overtime compensation; and for liquidated damages and attorney's fees.

On May 25, 1946, the defendant entered into a cost-plus-a-fixed-fee contract with the United States for construction at Kansas City, Missouri, of temporary housing for veterans under the direction of the Contracting Officer of Federal Public Housing Authority.

The contract provided that "one of the purposes of this contract is the provision of such housing with the maximum utilization of existing temporary housing and surplus Government property * * *." To that end barracks were dismantled at points in Oklahoma, Kansas, Missouri, Iowa, and Nebraska, and the material was shipped to the building site at Kansas City, Missouri, by trucks and railway where, until used, it was stored on the yard and in a warehouse constructed to receive it.

Plaintiff was employed by defendant as a watchman at the yard and warehouse from June 22, 1946, to July 8, 1947, at a salary of $30 per week until September 11, 1946, and at $39 a week for the remainder of his employment, or a total of 54 weeks. During the first half of the period he worked 54 hours a week and for the latter half 70½ hours per week.

The court found, and it is not disputed, that "While so acting as watchman plaintiff received and helped unload material and equipment arriving at said yards, to be used on said project, shipped from states other than Missouri."

The court, in dismissing plaintiff's petition, concluded as a matter of law that defendant in the performance of its contract was acting as an agent of the government and not as an independent contractor;

that § 3(d) of the Fair Labor Standards Act, 29 U.S.C.A. § 203(d), exempts the United States as an employer; and that, therefore, the services performed by plaintiff were governed by the Eight Hour Law, 40 U.S.C.A. § 324, and the Walsh-Healey Act, 41 U.S.C.A. § 35 et seq., and not by the Fair Labor Standards Act of 1938.

In so holding the district court relied upon the decision of this court in United States Cartridge Co. v. Powell et al., 8 Cir., 1949, 174 F.2d 718.

 On July 5, 1949, final judgment was entered in the instant case by the District Court. On October 10, 1949, the Supreme Court granted certiorari in the Powell case, supra, and on May 8, 1950, rendered a decision reversing the decision of this court. Powell et al. v. United States Cartridge Co., 339 U.S. 497, 70 S.Ct. 755. The law as declared by the Supreme Court in the Powell case is therefore controlling, and requires a reversal of the judgment appealed from here. "Decisions of courts of last resort shall be followed by inferior courts until reversed or overruled." 21 C.J.S., Courts, § 197. See, also, 21 C.J.S., Courts, § 192; Bakewell v. United States, 8 Cir., 110 F.2d 564, certiorari denied, 310 U.S. 638, 60 S.Ct. 1081, 84 L.Ed. 1407; United States v. The Schooner Peggy, 1 Cranch 103, 5 U.S. 103, 110, 2 L.Ed. 49.

In the Powell case the United States Cartridge Co. was engaged in operating the St. Louis, Missouri, Ordinance Plant for the government under a cost-plus-a-fixed-fee contract. Munitions of war were manufactured at the plant from material owned by the government and shipped to the plant from outside the state, and the finished product was shipped from the plant on government bills of lading across state lines to the war front. The petitioners were employed in the defendant's Safety Department. The Supreme Court held that they were not employees of the United States within the meaning of the Fair Labor Standards Act; that they were engaged in the production of goods for commerce within the meaning of that Act; that the contractor was not an agent of the government, but an independent contractor; and that the Walsh-Healey Act and the Fair Labor Standards Act are not mutually exclusive.

In the present case the duties of the plaintiff Durnil were analogous to those of the plaintiffs in the Powell case, supra, and we cannot distinguish the two cases on any reasonable ground.

Accordingly the judgment appealed from is reversed and the case is remanded with instructions to grant a new trial.

Reversed and remanded.