Frank V. THOMPSON et al., Appellants,

v.

The SCHOOL BOARD OF the CITY OF NEWPORT NEWS, VIRGINIA and George J. McIntosh, Division Superintendent of Schools for the City of Newport News, Appellees (2 cases).

Michael COPELAND et al., Appellants,

v.

SCHOOL BOARD OF the CITY OF PORTSMOUTH, VIRGINIA, et al., Appellees (2 cases).

Nathaniel JAMES et al., Appellees,

v.

The BEAUFORT COUNTY BOARD OF EDUCATION, a public body corporate, Appellant.

Nos. 71–2032, 71–2033, 71–1993, 71–1994 and 72–1065.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 2, 1972 on Issue of Attorneys' Fees.

Decided Nov. 29, 1972.

Robert V. Beale (Bateman, West & Beale, and Panos A. Yeapanis, City Atty. for the City of Newport News, Va., on brief), for appellees in No. 71–2032 and for appellants in No. 71–2033.

Michael A. Korb, Jr., Virginia Beach, Va., for appellees in No. 71–1993 and for appellants in No. 71–1994.

Lee E. Knott, Jr., Washington, D. C. (McMullan, Knott & Carter, Washington, D. C., on brief), for appellant, and Adam Stein (Chambers, Stein, Ferguson & Lanning, and J. LeVonne Chambers, Charlotte, N. C., Conrad O. Pearson, Durham, N. C., Jack Greenberg, Norman Chachkin and Charles Stephen Ralston, New York City, on brief), for appellees in No. 72–1065.

Henry L. Marsh, III, S. W. Tucker, James W. Benton, Jr., and Hill, Tucker & Marsh, Richmond, Va., Philip S. Walker, Newport News, Va., Jack Greenberg, James M. Nabrit, III, and Norman Chachkin, New York City, on brief, for appellants in No. 71–2032 and for appellees in No. 71–2033.

S. W. Tucker, Henry L. Marsh, III, James W. Benton, Jr., and Hill, Tucker, & Marsh, Richmond, Va., and James A.

Overton, Portsmouth, Va., Jack Greenberg, James M. Nabrit, III, and Norman Chachkin, New York City, on brief, for appellants in No. 71–1993 and for appellees in No. 71–1994.

Before HAYNSWORTH, Chief Judge, and WINTER, CRAVEN, BUTZNER, RUSSELL and FIELD, Circuit Judges, sitting en banc.

PER CURIAM:

We ordered *en banc* consideration of lawyer fee claims in these school cases to consider the extent of the applicability of § 718 of the Emergency School Aid Act of 1972. In the City of Portsmouth and the Beaufort County cases, however, apparently adequate fees are allowable on other bases. The precise extent of the reach of § 718 in those cases, therefore, now appears academic.

In the Newport News case, most of the legal services are yet to be rendered, and we are unanimously of the view that, if relief is granted, fees will be allowable under § 718 for those future services. The division within the Court as to the application of § 718 will have some bearing upon any ultimate allowance of fees in that case, though less than was supposed when reargument was requested.

The Court is unanimously of the view that it should apply § 718 to any case pending before it after the Section's enactment. This is consistent with the principle of United States v. Schooner Peggy, 5 U.S. (1 Cranch) 103, 2 L.Ed. 49, most recently enunciated in the Supreme Court in Thorpe v. Housing Authority of Durham, 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474.

A majority of the Court, however, is of the view that only legal services rendered after the effective date of § 718 are compensable under it. Those members of the Court invoke the princi-

ple that legislation is not to be given retrospective effect to prior events unless Congress has clearly indicated an intention to have the statute applied in that manner. They do not find such an intention from the omission of a provision in an earlier draft expressly limiting its application to services rendered after its enactment, when the earlier draft was extensively revised and there is no affirmative expression by any member of Congress of an intention that it should be applied to services rendered prior to its enactment.

A minority of the Court would apply § 718 to legal services, whenever rendered, in connection with school litigation culminating in an order entered after June 30, 1972. In their view, someone must pay the fee, and a statutory placement of the burden of payment on school boards is not a retroactive application of the statute, though some of the services may have been rendered before its enactment as long as an order awarding relief, the fruit of the services, is entered afterwards.

The cases will be remanded for such further proceedings in the District Court as may be necessary in accordance with the views of the majority, applying § 718, when it may otherwise be applicable, only to services rendered after June 30, 1972.*

In the *Portsmouth* case, the District Court will award reasonable attorneys' fees on the principle of Brewer v. The School Board of the City of Norfolk, 4 Cir., 456 F.2d 943 (1972). In the *Beaufort County* case, the award heretofore made by the District Court is approved.

Remanded.

WINTER, Circuit Judge (concurring specially):

I concur in the judgment of the court to the extent that it directs the allowance of attorneys fees in the *City of*

---

* In the *Newport News* case, on a completely different basis, the District Court made an award of attorneys' fees of $750.00 in connection with services and events occurring before June 30, 1972. Since that award was not dependent upon § 718, nothing we say here should be construed to disturb it.

*Portsmouth, Beaufort County* and *Newport News* cases. For the reasons set forth in my separate opinion in Bradley v. School Board of Richmond, 472 F.2d 318 (4 Cir. 1972), I would direct the allowance in all three cases on the basis that § 718 of the Emergency School Aid Act of 1972 applies to legal services rendered before the effective date of. that enactment in cases pending on that date.