**NATURAL RESOURCES DEFENSE COUNCIL, INC. and Union of Concerned Scientists, Petitioners,**

**v.**

**UNITED STATES NUCLEAR REGULATORY COMMISSION and the United States of America, Respondents,**

**Department of State, Intervenor.**

**No. 76–1525.**

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 8, 1976.

Decided July 3, 1978.

Eldon V. C. Greenberg, Washington, D. C., with whom Richard A. Frank, Thomas B. Stoel, Jr., and J. Gustave Speth, Washington, D. C., were on the brief, for petitioners.

Carlton R. Stoiber, Asst. Gen. Counsel, U. S. Nuclear Regulatory Commission, Washington, D. C., of the bar of the Supreme Court of Colorado, pro hac vice by special leave of court, with whom Peter L. Strauss, Gen. Counsel and Stephen F. Eilperin, Asst. Gen. Counsel, U. S. Nuclear Regulatory Commission, Washington, D. C., were on

---

the brief, for respondent, United States Nuclear Regulatory Commission.

Peter R. Taft, Asst. Atty. Gen., and Edmund B. Clark, Atty., Dept. of Justice, Washington, D. C., entered appearances for respondent, United States of America.

Thomas S. Martin, Sp. Asst. to the Asst. Atty. Gen., Washington, D. C., with whom Rex E. Lee, Asst. Atty. Gen., Irwin Goldbloom, Deputy Asst. Atty. Gen. and Sandra Schraibman, Atty., Dept. of Justice, Washington, D. C., were on the brief, for intervenor.

Before BAZELON, LEVENTHAL and MacKINNON, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

Petitioners challenge a ruling of the Nuclear Regulatory Commission ("NRC"), which (1) denied petitioners' request for intervention in a nuclear export license proceeding for lack of an interest affected by the proceeding sufficient to afford standing, and (2) concluded that even if petitioners were entitled to intervene, they were not entitled to an adjudicatory hearing. *Edlow International Co.*, 3 N.R.C. 563 (1976). Petitioners contend, in essence, that even though they were afforded a legislative-type hearing by the NRC, they are entitled to an adjudicatory hearing on the nuclear export license applications in question.

■■■ While this case was under submission, Congress enacted and the President signed the Nuclear Non-Proliferation Act of 1978, Pub.L. No. 95–242, 92 Stat. 120 (Mar. 10, 1978). Sections 304(b) and (c) of the Act provide:

(b) Within one hundred and twenty days of the date of enactment of this Act, the Commission shall, after consultations with the Secretary of State, promulgate regulations establishing procedures (1) for the granting, suspending, revoking, or amending of any nuclear export license or exemption pursuant to its statutory authority; (2) for public participation in nuclear export licensing proceedings when the Commission finds that such participation will be in the public interest and will assist the Commission in making the statutory determinations required by the 1954 Act, including such public hearings and access to information as the Commission deems appropriate: *Provided*, That judicial review as to any such finding shall be limited to the determination of whether such finding was arbitrary and capricious; . . . *Provided further*, That until the regulations required by this subsection have been promulgated, the Commission shall implement the provisions of this Act under temporary procedures established by the Commission.

(c) The procedures to be established pursuant to subsection (b) shall constitute the exclusive basis for hearings in nuclear export licensing proceedings before the Commission and, notwithstanding section 189a. of the 1954 Act, shall not require the Commission to grant any person an on-the-record hearing in such a proceeding.

This last subsection, *supra*, thus directs in unequivocal language that the NRC need not afford any person an adjudicatory hearing in a nuclear export license proceeding. Petitioners' challenge in this respect is, therefore, moot, since in the present situation we are required to apply the law in effect at the time of the decision. *Cort v. Ash*, 422 U.S. 66, 76–77, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975); *Hamling v. United States*, 418 U.S. 87, 102, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *NLRB v. Food Store Employees Union*, 417 U.S. 1, 10 n. 10, 94 S.Ct. 2074, 40 L.Ed.2d 612 (1974); *Bradley v. Richmond School Board*, 416 U.S. 696, 711, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974); *United States v. Schooner Peggy*, 5 U.S. (1 Cranch) 103, 110, 2 L.Ed. 49 (1801). There is an exception to this rule for cases of "manifest injustice." *Bradley v. Richmond School Board, supra*, 416 U.S. at 711, 94 S.Ct. 2006. In this case, taking into account the foreign policy context, the reduced room for justifiable expectation of changed circumstances, and the lack of personal ac-

tion or planning in reliance on the old rule, that exception is not applicable.

Section 304(b) of the Act requires that regulations be promulgated which establish procedures for public participation in such license proceedings. This provision is the only basis for determining the hearing rights of groups such as petitioners and other individuals or persons. The precedential value of the NRC order under review insofar as it pertains to the right of persons to intervene in hearings is eliminated, since it was issued under the old law, and the new procedures will control future cases. Also, since the NRC's determination that petitioners were not entitled to intervene under the old statute has been mooted by the adoption of the new Act, petitioners may seek to intervene in these proceedings under the new statute and regulations; and if petitioners seek to intervene and they consider themselves "aggrieved" by the final order of the Commission on their request, they may seek judicial review on a new record. *See* 28 U.S.C. § 2342(4); 28 U.S.C. § 2344; 42 U.S.C. § 5841(f); 42 U.S.C. § 5871(g); Nuclear Non-Proliferation Act of 1978, *supra*, § 304(b). We indicate no opinion on this issue.

*Judgment accordingly.*