602 F.2d 375
 195 U.S.App.D.C. 197
 FRONTIER AIRLINES, INC., Petitioner,
v.
CIVIL AERONAUTICS BOARD, Respondent,
Braniff Airways, Inc., Continental Air Lines, Inc., Western
Air Lines, Inc., Intervenors.
TRANS WORLD AIRLINES, INC., Petitioner,
v.
CIVIL AERONAUTICS BOARD, Respondent,
Braniff Airways, Inc., Continental Air Lines, Inc., Western
Air Lines, Inc., The City of Tulsa, et al., Delta
Air Lines, Inc., Intervenors.
EASTERN AIR LINES, INC., Petitioner,
v.
CIVIL AERONAUTICS BOARD, Respondent,
Braniff Airways, Inc., Continental Air Lines, Inc., Delta
Air Lines, Inc., City of Tulsa, the Tulsa Airport
Authority and Metropolitan Tulsa Chamber
of Commerce, (Tulsa Parties),
Intervenors.
WESTERN AIR LINES, INC., Petitioner,
v.
CIVIL AERONAUTICS BOARD, Respondent,
Braniff Airways, Inc., Continental Air Lines, Inc., Tulsa
Parties, Delta Air Lines, Inc., Intervenors.
UNITED AIR LINES, INC., Petitioner,
v.
CIVIL AERONAUTICS BOARD, Respondent,
Braniff Airways, Inc., Delta Air Lines, Inc., Continental
Air Lines, Inc., Western Air Lines, Inc., Intervenors.
The UTAH AGENCIES, Petitioners,
v.
CIVIL AERONAUTICS BOARD, Respondent,
Braniff Airways, Inc., Continental Air Lines, Inc., Western
Air Lines, Inc., Delta Air Lines, Inc., Intervenors.
 Nos. 77-1437, 77-1534, 77-1625, 77-1644, 77-1710 and 77-1756.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Sept. 26, 1978.
Decided March 8, 1979.
 
 Allison Wade, Washington, D. C., with whom Robert N. Duggan and Paul T. Michael, Washington, D. C., were on the brief, for petitioner Eastern Air Lines, Inc. in No. 77-1625.
 Emory N. Ellis, Jr., Washington, D. C., with whom Carolyn Cox, Washington, D. C., and Gerald P. O'Grady, Los Angeles, Cal., were on the brief, for petitioner Western Airlines, Inc. in No. 77-1644 and intervenor in Nos. 77-1437, 77-1534, 77-1710 and 77-1756.
 Paul M. Tschirhart, Washington, D. C., with whom Alexander J. Moody, Jr. and J. Richard Street, Chicago, Ill., were on the brief, for petitioner United Air Lines, Inc. in No. 77-1710.
 Joseph B. Goldman, Washington, D. C., with whom Charles S. Murphy, Washington, D. C., was on the brief, for petitioner Frontier Airlines, Inc. in No. 77-1437.
 O. D. Ozment, Washington, D. C., with whom David L. Wilkinson, Salt Lake City, Utah, was on the brief, for petitioners The Utah Agencies in No. 77-1756.
 Edmund E. Harvey, Washington, D. C., for petitioner Trans World Airlines, Inc. in No. 77-1534.
 Alan R. Demby, Atty., C. A. B., Washington, D. C., with whom Gary J. Edles, Deputy Gen. Counsel, Glen M. Bendixsen, Associate Gen. Counsel, Robert L. Toomey, Atty., C. A. B., John J. Powers, III and Andrea Limmer, Attys., Dept. of Justice, Washington, D. C., were on the brief, for respondent.
 Robert Reed Gray, Washington, D. C., with whom James W. Callison and Don M. Adams, Atlanta, Ga., were on the brief, for intervenor Delta Air Lines, Inc. in Nos. 77-1534, 77-1625, 77-1644, 77-1710 and 77-1756.
 Thomas J. McGrew, Washington, D. C., with whom Cary M. Adams, Washington, D. C., was on the brief, for intervenor Braniff Airways, Inc. in Nos. 77-1437, 77-1534, 77-1625, 77-1644, 77-1710 and 77-1756. Also Arnold T. Aikens and Michael A. Katz, Washington, D. C., entered appearances for petitioners United Air Lines, Inc. in No. 77-1710.
 James T. Lloyd, Washington, D. C., with whom Thomas D. Finney, Jr. and Lee M. Hydeman, Washington, D. C., were on the brief, for intervenor Continental Air Lines, Inc. in Nos. 77-1437, 77-1534, 77-1625, 77-1644, 77-1710 and 77-1756.
 Also Jay L. Witkin, James C. Schultz, Jerome Nelson, Attys., C. A. B., Robert B. Nicholson and William D. Coston, Attys., Dept. of Justice, Washington, D. C., entered appearances for respondents.
 Also B. Howell Hill, Washington, D. C., entered an appearance for intervenor Braniff Airways, Inc.
 Also John W. Simpson, Washington, D. C., entered an appearance for intervenor City of Tulsa, et al. in Nos. 77-1534, 77-1625 and 77-1644.
 Before McGOWAN and ROBB, Circuit Judges, and JUNE GREEN,* United States District Judge for the District of Columbia Circuit.
 Opinion Per Curiam.
 
 PER CURIAM :
 
 1
 These six petitions for review involve challenges respectively by five air carriers and certain regulatory agencies of the State of Utah to the route awards made by the Civil Aeronautics Board in a comparative hearing. CAB Orders 77-4-146 (April 28, 1977) and 77-7-40 (July 11, 1977). The routes in issue involve nonstop service between Denver, Oklahoma City, and Tulsa, on the one hand, and Atlanta, Tampa, and Miami on the other. Arrayed on the side of the Board are the carriers to whom the awards were made. The task confronting the reviewing court is the familiar one of whether the Board's resolution of this competitive struggle was rational in nature and grounded in substantial record evidence.
 
 
 2
 What is not so familiar is the regulatory climate prevailing at the time these cases reached the oral argument stage in this court on September 26, 1978. On September 18, five of the petitioners filed what they termed a suggestion for remand, urging that the matter be reconsidered by the Board in the light of what was said to be the Board's recent "change in its policies as to multiple awards, shifting from a position of favoring limited competition to one of favoring multiple competition." Raising the question as to "whether the case need in fact be decided by this court at this time," the suggestion asserted that "(I)f application of the new policy to the markets at issue here would result in grant of applications previously denied, the significance of this litigation has been greatly reduced and perhaps eliminated."
 
 
 3
 The Board opposed the suggestion. It said, first, that, although it had in recent months "adopted a more liberal approach to route awards by licensing more carriers than some past Board decisions would have in similar factual circumstances," it had not as yet adopted "a general regulatory policy of multiple, permissive awards," even though it had expressed the tentative view that such a policy "would best meet the goals of the Federal Aviation Act." The Board emphasized the fact that the petitioning carriers were free to file immediately new requests for the very routes in issue, and that, since its docket was up-to-date, they would be considered and acted upon expeditiously. Finally, the Board stressed the virtues of finality in respect of proceedings already concluded on records made on the old assumption that a limited number of awards would be made, particularly since the way was now open for the qualified but disappointed applicants in those proceedings to seek the same routes under the new regulatory approach.
 
 
 4
 A further change in the regulatory atmosphere occurred when congressional action on the Airline Deregulation Act of 1978 was virtually completed the day before oral argument, and the bill became law on October 24, 1978 (P.L. 95-504).
 
 
 5
 There was much discussion of the significance of these developments at oral argument, including some speculation to the effect that the route case presently before the court might conceivably be the last of its kind. On November 22, 1978, all six petitioners filed a motion to vacate the Board's orders under review and to remand the case to the Board for further consideration in the light of the new statute.
 
 
 6
 This motion, which appeared to supersede the earlier suggestion, was prompted by, and largely founded upon, the issuance by the Board on November 16, 1978, of a "Notice of Applicability of Airline Deregulation Act of 1978 to Cases Pending at Time of Its Enactment." The movants pointed to the Board's assertion in the Notice that the Supreme Court's so-called Bradley rule[1] "has been applied not only to litigation pending in (an appellate) court on the effective date of the new statute, but also to pending judicial review of administrative decisions."
 
 
 7
 In its opposition to the motion the Board took a perceptibly less expansive view of our obligation to apply the new law, emphasizing a statement by us in a recent decision "that an appellate court applies the law in effect at the time of its decision unless to do so would be manifestly unjust or in contravention of statute or the expressed intent of Congress," Potomac Electric Power Co. v. United States, 190 U.S.App.D.C. 77, 85, 584 F.2d 1058, 1066 (1978), and our statement in Greater Boston Television Corp. v. FCC, 149 U.S.App.D.C. 322, 337, 463 F.2d 268, 283 (1971), Cert. denied sub nom. WHDH, Inc. v. FCC, 406 U.S. 950, 92 S.Ct. 2042, 32 L.Ed.2d 338 (1972), that an agency remand because of a change in circumstances is warranted only if the change "goes to the very heart of the case."
 
 
 8
 By reference to these formulations the Board argues that remand is not justified. In its submission, the case involves only the application of traditional carrier selection criteria by reference to an old and closed record which was itself compiled in the absence of contentions that multiple awards should be made. The new Act does not change those decisional factors, although it may contemplate that a larger number of awards may be made. Failure to remand, says the Board, imposes no insuperable hardship on the movant carriers because, as we noted in the earlier Board opposition to the suggestion, they are and have been for some time free to file new applications for these routes which will be speedily determined under a law that now puts the burden of proof on those who choose to oppose the grants. Finally, the Board thinks it significant that the movants seek not simply a remand to consider further awards but also ask that the existing route awards be vacated (albeit continued to be flown by the selected carriers Pendente lite under temporary exemptions). This strongly intimates, in the Board's view, that the movants still wish to urge the limitation of the number of awards made rather than to expand the number of carriers to be certified under the new statute.
 
 
 9
 Having reviewed the motion and the oppositions thereto, we conclude that it should be denied. The movants have not demonstrated that the new legislation has altered the decisional criteria governing certification in such a manner as would render the decision below erroneous. Moreover, in light of the similarity between the old and new standards governing certification, we have no difficulty in appraising the legality of the Board's action under the new standards even though that action was taken under the old. It is our view that a new era in the awarding of route authority has unquestionably opened, and it seems neither necessary in the interest of justice, nor desirable in terms of the values of finality in legal proceedings, to prolong the life of a case long since closed and ready for final resolution. This is especially true in an unusual situation like the one before us where even a conclusion adverse to the petitioning carriers does not foreclose their opportunities to seek the same route objectives under new and unquestionably more favorable conditions.
 
 
 10
 Turning to the merits, we have examined carefully the reasons given by the Board for the results it reached. Those reasons, which are fully explicated in the Board's comprehensive opinion, have been further considered by us in relation to record evidence relevant to each; and we are satisfied that, under either the old or new law, there is the requisite evidentiary support. Our responsibility, quite properly, goes no further. New era or old, so long as the Board continues to be entrusted by Congress with the primary responsibility for the health of air transportation, it remains true, as we said in Frontier Airlines, Inc. v. CAB, 142 U.S.App.D.C. 124, 131, 439 F.2d 634, 641 (1971):
 
 
 11
 The designing of an airline route pattern for the United States most compatible with the public interest is, unhappily, not an exact science. The airline industry and the public alike are largely at the mercy of the degree of skill and disinterest and good sense which the Board periodically brings to this delicate and difficult task. Courts have no special qualifications in this area for second-guessing the Board as to the merits of its determinations, once they have been arrived at within a framework of procedural fair play. Unwarranted judicial intervention only serves to divert the spotlight of accountability for the health of air transportation from the place where it should steadily and continuously be focused, that is to say, on the Board.
 
 
 12
 The motion to vacate and remand is denied. We find the petitions for review to be unavailing and the Board is affirmed.
 
 
 13
 It is so ordered.
 
 
 
 *
 Sitting by designation pursuant to 28 U.S.C. 292(a)
 
 
 [1]
 The basic authority cited by the Board was United States v. The Schooner Peggy, 5 U.S. (1 Cranch) 103, 2 L.Ed. 49 (1801), which it characterized as having been recently "reaffirmed and clarified" by the Supreme Court in Bradley v. School Board of Richmond, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974)