**Farzaneh AZODI, Plaintiff,**

v.

**UNITED STATES of America IMMIGRATION & NATURALIZATION SERVICE, et al., Defendants.**

**No. C–1–80–574.**

United States District Court,
S. D. Ohio, W. D.

June 9, 1981.

713

## FACTS

The following facts are not materially in dispute:

Plaintiff, an Iranian national, entered the United States in May, 1979, on a B–2 visitor's visa. In late June, 1979, she filed an application with INS to have her non-immigrant status changed from visitor for pleasure (B–2) to student (F–1). *See* 8 U.S.C. § 1101(a)(15)(B), (F). Plaintiff's application was denied by the District Director of INS on November 28, 1979. Plaintiff subsequently appealed to the Regional Commissioner, who dismissed the appeal in an opinion filed on March 25, 1980. On April 18, 1980, plaintiff filed a Motion for Reconsideration of the Regional Commissioner's decision. On August 15, 1980, the Regional Commissioner denied the motion, relying on the April 11, 1980, amendment to 8 CFR § 248.2 which provided that "[a] nonimmigrant alien who is an Iranian national is ineligible for any change of nonimmigrant classification other than a change to classification under section 101(a)(15)(G) of the Act." [1]

Steven M. Rothstein, Cincinnati, Ohio, for plaintiff.

Elizabeth Gere Whitaker, Asst. U. S. Atty., Cincinnati, Ohio, for defendants.

CARL B. RUBIN, Chief Judge.

## ORDER

Plaintiff seeks review in this Court of a decision of the United States Immigration and Naturalization Service (hereinafter INS) denying plaintiff's motion for a change of her alien status from a visitor (B–2 classification) to a student (F–1 classification). Plaintiff filed a motion for summary judgment, to which defendants responded with a motion to dismiss or, in the alternative, for summary judgment. Plaintiff subsequently responded to defendants' motion and defendants replied to this response.

[1] The G classification does not apply to plaintiff.

### *Defendants' Motion to Dismiss or, In the Alternative, for Summary Judgment*

To avoid any potential timeliness problems which might arise in connection with a motion to dismiss, defendants' motion will be treated as a motion for summary judgment.

### *Summary Judgment*

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56(c) permits the Court to grant summary judgment when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944); *Tee-Pak, Inc. v. St. Regis Paper Co.*, 491 F.2d 1193, 1195 (6th Cir. 1974). In deciding a motion for

summary judgment, the Court must consider the evidence and all inferences to be drawn therefrom in the light most favorable to the party opposing the motion. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.), cert. *dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979); *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425, 427 (6th Cir. 1962).

*Applicability of Amended 8 C.F.R. § 248.2*

In determining whether either party is entitled to judgment as a matter of law, the Court must first decide whether to apply the law as it exists now or as it existed at the time of plaintiff's initial application for a change of status. Defendants argue that the governing law is that currently in force; plaintiff, on the other hand, urges the Court to apply the law as it existed at the time of her initial application for change of status.[2]

 The general rule is that a court must apply the law in effect at the time it renders its decision. *Bradley v. Richmond School Board*, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1973); *Thorpe v. Durham Housing Authority*, 393 U.S. 268, 281, 89 S.Ct. 518, 525, 21 L.Ed.2d 474 (1968). Since the amended law involved in this case is embodied in a federal administrative regulation, the applicability of this general rule is governed by federal law. 393 U.S. 281–282, 89 S.Ct. 525–526. Chief Justice Marshall explained the rule as follows in *United States v. Schooner Peggy*, 1 Cranch 103, 110, 2 L.Ed. 49 (1801): "[I]f subsequent to the judgment and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied. If the law be constitutional, ... I know of no court which can contest its obligation." 416 U.S. at 712, 94 S.Ct. at 2016; 393 U.S. at 282, 89 S.Ct. at 526. Although the rule is discussed above in the context of appellate court review of a lower court decision, logic commands that it apply with equal force to the situation at bar.

The Regional Commissioner, at the time of both plaintiff's original appeal and her motion for reconsideration, was essentially undertaking an appellate review of the District Director's decision. For purposes of applying the above rule, the Court can find no reason to distinguish appellate review within the INS from appellate review within the federal court system. The Regional Commissioner was therefore correct in applying, at the time of plaintiff's motion for reconsideration, the law as it then existed with the amendment to 8 C.F.R. § 248.2 in force.

 Plaintiff, however, seeks to distinguish the instant case from cases such as *Bradley* and *Thorpe* in that here, the change in the law created an injury to the plaintiff, whereas the changes involved in *Bradley* and *Thorpe* had the effect of alleviating the injury to the aggrieved party. She argues that a change in an administrative rule may not be retroactively applied to affect rights acquired prior to the change. This argument is valid, however, only insofar as the rights involved had vested before the change. *See Greene v. United States*, 376 U.S. 149, 160, 84 S.Ct. 615, 621, 11 L.Ed.2d 576 (1963). As plaintiff herself concedes, she had no vested right to the relief she sought. The granting of a change in nonimmigrant status is purely a matter of discretion under 8 U.S.C. § 1258 and accompanying regulations. Therefore, the general rule as enunciated in *Bradley* and *Thorpe* must apply.

Exceptions have been made to this general rule where its application would result in manifest injustice. 383 U.S. at 282, 89 S.Ct. at 526. Such is not the case here. The Supreme Court has repeatedly emphasized that "over no conceivable subject is the legislative power of Congress more complete" than it is over the admission and exclusion of aliens. *Fiallo v. Bell*, 430 U.S. 787, 792, 97 S.Ct. 1473, 1478, 52 L.Ed.2d 50 (1976). The long-established rule is that this broad power is largely immune from judicial control. *Id.* Furthermore, the

---

**2.** Plaintiff does not challenge the validity of the amendment to 8 C.F.R. § 248.2; rather, she challenges the applicability of that otherwise valid amendment to her particular case.

Court has observed that Congress, in exercising its broad powers over immigration and naturalization, "regularly makes rules that would be unacceptable if applied to citizens." *Id.* Within this framework, and given the limited nature of judicial control in this area, this Court is unable to find that application of the general rule in *Bradley* and *Thorpe* would result in manifest injustice to plaintiff.

### Conclusion

It is clear from the foregoing discussion that the amendment to 8 C.F.R. § 248.2 applies to this case, and that defendants are entitled to judgment as a matter of law. As this is the case, plaintiff's other allegations need not be considered.

Plaintiff's motion for summary judgment is hereby DENIED and defendant's motion for summary judgment is hereby GRANTED.

IT IS SO ORDERED.