James E. BROWN, Plaintiff,

v.

John O. MARSH, Jr., Secretary of the Army, Defendant.

Civ. A. No. 80–1169 (CRR).

United States District Court, District of Columbia.

Nov. 21, 1994.

Roger E. Warin, Steptoe & Johnson, Washington, DC, argued the case, for plaintiff. With him on the briefs were Charles F. Monk, Jr., Steptoe & Johnson, Washington, DC, Joseph M. Sellers of Washington Lawyers' Committee for Civil Rights Under Law, Washington, DC, and John R. Erickson, Reed, Smith, Shaw & McClay, McLean, VA.

Daniel F. Van Horn, Asst. U.S. Atty., Washington, DC, argued the case, for defendant. With him on the briefs were Eric H. Holder, Jr., U.S. Atty., Washington, DC, Jay B. Stephens, former U.S. Atty., Washington, DC, and John Oliver Birch, Clifford E. Greenblatt, and James R. Layton, Asst. U.S. Attys., Washington, DC.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

### INTRODUCTION

In 1991, Congress amended the Civil Rights Act of 1964 ("The 1964 Act"), as amended in March, 1972. 42 U.S.C. § 2000a *et seq.* The Civil Rights Act of 1991 ("The 1991 Act") provides in Section 114 that:

> The provisions of section 2000e–5(f) through (k) of this title, as applicable, shall govern civil actions brought hereunder, and *the same interest to compensate for delay in payment shall be available* as in cases involving nonpublic parties.

42 U.S.C. § 2000e–16(d) ("Section 114") (emphasis added). Section 114 entitles a prevailing party in a Title VII action to an award of interest on previously awarded attorney's fees and expenses.

The question presented in this case is whether the above statute, which provides for interest on attorney's fees and expenses, applies to a case that was pending at the time the statute was enacted.

Upon careful consideration of the pleadings, oral argument, and the applicable law, the Court holds that Section 114 applies to the case at bar, entitling the Plaintiff to interest on his attorney's fees and expenses. In addition, the Court holds that interest shall be calculated in accordance with the judgment rate of interest prescribed in 28 U.S.C. § 1961.

### FACTS

On August 20, 1992, the Court awarded attorney's fees and expenses to the Plaintiff as a prevailing party in a Title VII action. However, the Court reserved the issue of whether interest on those fees is awardable pending resolution by the District of Columbia Circuit of the applicability of the Civil Rights Act of 1991 to pending cases.

In late 1994, the Plaintiff filed an application for interest on his attorney's fees in light of this Circuit's decision in *Gersman v. Group Health Ass'n, Inc.,* 975 F.2d 886, 898 (D.C.Cir.1992), *cert. denied,* —— U.S. ——, 114 S.Ct. 1642, 128 L.Ed.2d 363 (1994), and the Supreme Court's decision in *Landgraf v. USI Film Prods.,* —— U.S. ——, —— – ——, 114 S.Ct. 1483, 1501–02, 128 L.Ed.2d 229 (1994).

In response, the Government agreed to pay the Plaintiff interest on his attorney's fees and expenses incurred after the enactment of Section 114 of the Civil Rights Act of 1991. However, the Government contended that the Plaintiff is not entitled to any interest on fees prior to the enactment of Section 114. According to the Government, there is a presumption against the retroactive application of a statute whenever applying the statute would affect the parties' substantive rights. *See e.g., Bowen v. Georgetown Univ. Hospital,* 488 U.S. 204, 208, 109 S.Ct. 468, 471–72, 102 L.Ed.2d 493 (1988). The Government contends that the presumption against retroactivity applies in this case because awarding interest on attorney's fees is a compensatory damage award and, therefore, would affect their substantive rights. Nevertheless, even if the Plaintiff were entitled to interest, the Government argues, the appropriate rate of interest is the judgment

rate of interest prescribed in 28 U.S.C. § 1961.

The Plaintiff, in response, contends that the presumption against retroactive application of a statute does not arise when the application of a statute is merely collateral. In such cases, a court must apply the law that exists at the time that it renders its decision. *See e.g., Bradley v. Richmond School Bd.,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974). According to the Plaintiff, awarding interest on attorney's fees in a case that was pending when Section 114 was enacted is purely collateral and, therefore, does not affect the substantive rights of the parties. Consequently, the Plaintiff argues that he is entitled to interest on his attorney's fees and that the appropriate rate of interest is the prime rate.

Upon review of the pleadings, oral argument, and applicable law, the Court finds that Section 114 of the Act allowing for interest on attorney's fees does not affect the parties' substantive rights. Therefore, the presumption against retroactive application of a statute does not apply. Instead, the Court must apply the law that exists at the time it renders its decision. Since Section 114 is currently effective, the Court finds that the Plaintiff is entitled to an award of interest on his attorney's fees and costs. In addition, in view of the substantial case law applying the judgment rate of interest instead of the prime rate of interest to an award of attorney's fees, the appropriate rate of interest is the judgment rate set forth in 28 U.S.C. § 1961.

## DISCUSSION

**I. THE COURT FINDS THAT THE PLAINTIFF IS ENTITLED TO INTEREST ON HIS ATTORNEY'S FEES AND COSTS BECAUSE APPLYING SECTION 114 RETROACTIVELY ONLY AFFECTS THE COLLATERAL RIGHTS OF THE PARTIES.**

■ Section 114 of the Civil Rights Act of 1991 entitles a prevailing party to interest on attorney's fees from a Government party. 42 U.S.C. § 2000e–16(d) ("Section 114"). At the time that Section 114 took effect in Novem-

ber of 1991, the instant action was still pending before this Court.

■ To decide if Section 114 applies retroactively, the Court must first look to the language of the statute itself. *E.g., Planned Parenthood Fed'n of Am. v. Heckler,* 712 F.2d 650, 655 (D.C.Cir.1983) (citing *CPS v. GTE Sylvania, Inc.,* 447 U.S. 102, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980)). However, since the statute is silent with respect to whether Section 114 applies retroactively or not, the Court must look to the relevant case law.

■ According to the case law, if applying a statute retroactively would affect the parties' substantive rights, then a presumption against retroactive application of a statute arises. *Landgraf v. USI Film Prods.,* — U.S. —, —, —, 114 S.Ct. 1483, 1499, 1502, 128 L.Ed.2d 229 (1994); *Bowen v. Georgetown Univ. Hospital,* 488 U.S. 204, 208, 109 S.Ct. 468, 471–72, 102 L.Ed.2d 493 (1988); *Gersman v. Group Health Ass'n, Inc.,* 975 F.2d 886, 898 (D.C.Cir.1992), *cert. denied,* — U.S. —, 114 S.Ct. 1642, 128 L.Ed.2d 363 (1994). Based on that presumption, a statue will not be applied retroactively.

■ In contrast, if applying a statute retroactively would only affect the parties' collateral rights, then a court is to apply the law that exists at the time it renders its decisions. *Landgraf v. USI Film Prods.,* — U.S. —, — – —, 114 S.Ct. 1483, 1501–02, 128 L.Ed.2d 229 (1994); *see Bradley v. Richmond School Bd.,* 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974); *Thorpe v. Housing Auth. of Durham,* 393 U.S. 268, 281, 89 S.Ct. 518, 525–26, 21 L.Ed.2d 474 (1969); *United States v. Schooner Peggy,* 5 U.S. (1 Cranch) 103, 110, 2 L.Ed. 49 (1801); *Gersman v. Group Health Ass'n, Inc.,* 975 F.2d 886, 898–99 (D.C.Cir.1992), *cert. denied,* — U.S. —, 114. S.Ct. 1642, 128 L.Ed.2d 363 (1994). Accordingly, a statue that does not affect the substantive rights of the parties will be applied retroactively.

In applying the foregoing analysis to the case at bar, the Court must decide if awarding the Plaintiff interest on his attorney's fees affects the parties' substantive rights.

For if the award of interest on attorney's fees affects a substantive right, the traditional presumption against retroactive application of a statute applies. Conversely, if the award of interest on attorney's fees is a collateral or secondary matter, the Court is to apply the law that exists at the time it renders its decision. Upon examining the nature of an award of interest on attorney's fees, the Court holds that interest on attorney's fees are merely collateral or secondary, and therefore, are awardable in this case for three reasons.

First, prior to the enactment of Section 114, plaintiffs in a Title VII action were entitled to interest on attorney's fees in private-sector cases. *See,* 42 U.S.C. § 2000e–5(k) (1982); *e.g., Rodgers v. United States,* 332 U.S. 371, 373–74, 68 S.Ct. 5, 6–7, 92 L.Ed. 3 (1947); *Chrapliwy v. Uniroyal, Inc.,* 670 F.2d 760, 764 & n. 6 (7th Cir.1982), *cert. denied,* 461 U.S. 956, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983). The enactment of Section 114 merely extends an award of interest to cases involving the Government. Consequently, as a mere "extension" of prior law, Section 114 does not substantively change the parties' rights.

Second, the Supreme Court has held that since awarding attorney's fees is uniquely separable from the cause of action to be proved at trial, awarding such fees is a collateral issue. *White v. New Hampshire Dept. of Employment Security,* 455 U.S. 445, 451–52, 102 S.Ct. 1162, 1166–67, 71 L.Ed.2d 325 (1982). It follows from *White* that a statute, such as Section 114, that awards interests on those fees must also be a collateral issue.

Third, the Government can not contend that their substantive rights will be affected because prior to the enactment of Section 114, parties were already entitled to attorney's fees in private-sector cases. Section 114 merely added that interest on those fees shall also be payable in public-sector cases. Thus, Section 114 does not add a substantive obligation on the part of the Government. Moreover, Section 114 of the 1991 Act waives sovereign immunity with respect to interest.

Based on the foregoing, since an award of interest on attorney's fees is a collateral issue, Section 114 shall apply to this case and,

therefore, the Plaintiff is entitled to interest on his attorney's fees.

## II. THE PLAINTIFF'S INTEREST ON ATTORNEY'S FEES SHALL BE CALCULATED BASED ON THE UNITED STATES TREASURY BILL RATE BECAUSE OF THE SUBSTANTIAL CASE LAW THAT APPLIES SECTION 1961(a) TO JUDGMENTS AWARDING ATTORNEY'S FEES.

■ Since the Court has found that the Plaintiff is entitled to interest on attorney's fees, the Court must now decide the appropriate interest rate. According to the Plaintiff, the calculation should be based on the prime rate of interest for each year they were entitled to fees. (Pl's. Mot. for Interest on Attorney's Fees at 9.) In his argument, Plaintiff cites to several cases that apply the prime rate of interest. *Id.* (citing *e.g., Alberti v. Klevenhagen,* 896 F.2d 927, 938 (5th Cir.1990) (prime rate of interest is applied to compensate counsel for delay in payment).

However, the fatal flaw in Plaintiff's argument is that those decisions used the prime rate when the payment of attorney's fees—not interest—has been delayed. In contrast, the Plaintiff, here, has already received attorney's fees. At issue is only the payment of interest.

In calculating the interest due the Plaintiff, the Court is, instead, persuaded that the statute providing for the payment of interest on a judgment shall apply. The statute, 28 U.S.C. § 1961(a), calculates interest due upon a judgment based upon the United States Treasury Bill rate. The statute provides:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court.... Such interest shall be calculated ... at a rate equal to the coupon yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment.

28 U.S.C. § 1961(a) ("Section 1961"). Since it is well-settled that Section 1961 is used to calculate the interest due on a judgment awarding attorney's fees, *see e.g., MidAmerica Fed. Savs. & Loan Ass'n v. Shearson/Am. Express, Inc.*, 962 F.2d 1470, 1475–77 (10th Cir.1992); *cf. Oklahoma Aerotronics, Inc. v. United States*, 943 F.2d 1344, 1349 (D.C.Cir. 1991), the Court shall apply the United States Treasury Bill rate of interest in determining the amount of interest due the Plaintiff.

In response to the Court's request, the Defendant computed the interest that would be due the Plaintiff for the period ending November 21, 1991 in accordance with 28 U.S.C. § 1961(a). According to those calculations, the total amount of interest due is $21,952.68. The portion due Reed, Smith is $13,468.94 and the portion due the Lawyers' Committee is $8,483.74.

Therefore, based on the Defendant's calculations, the Court shall award Plaintiff interest on his attorney's fees in the amount of $21,952.68.

### CONCLUSION

For the foregoing reasons the Court shall award the Plaintiff interest on his attorney's fees based on the United States Treasury Bill rate of interest. The Court shall enter an Order of even date herewith.