**Charles ROBERT, Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Defendant–Appellee.**

**Docket No. 01–6088.**

United States Court of Appeals, Second Circuit.

Jan. 24, 2002.

Charles Robert, Kassoff, Robert, Lerner & Robert, LLP, Rockville Centre, NY, for Appellant.

Kathleen A. Mahoney, Assistant United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

Present OAKES, NEWMAN, and PARKER, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Plaintiff–Appellant, Charles Robert ("Robert"), appeals the judgment of the United States District Court for the Eastern District of New York (Jacob Mishler, *Judge*) entered March 30, 2001, granting the motion for summary judgment of Defendant Appellee, United States Department of Justice ("DOJ"). The judgment was entered in accordance with a Memorandum and Order dated March 22, 2001.

Robert brought a claim under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against the DOJ relating to thirteen categories of documents, which he alleged the DOJ improperly withheld from him after he requested them. The district court granted summary judgment in favor of the DOJ on various grounds for the different categories of documents. Robert appeals the district court's ruling as to four of those categories: the "Charles Robert Criminal Investigation" documents, the "Noyer" documents, the "Bromwich" documents, and the "OPR Rogers" documents.

▇▇▇ We note that Robert has raised a First Amendment argument for the first time on appeal based on the Supreme Court's recent decision in *Bartnicki v. Vopper*, 532 U.S. 514, 121 S.Ct. 1753, 149 L.Ed.2d 787 (2001), which was decided a few months after the district court's decision in this case. Robert asks us for a remand with instructions to the lower court to reconsider its reasoning in the light of *Bartnicki*. " '[I]f subsequent to the judgment and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied.' " *Sporty's Farm L.L.C. v. Sportsman's Market, Inc.*, 202 F.3d 489, 496 (2d. Cir.2000)(quoting *United States v. Schooner Peggy*, 5 U.S. (1 Cranch) 103, 110, 2 L.Ed. 49 (1801)). We have considered Robert's new argument, find *Bartnicki* to be inapposite to the circumstances of this case, and decline the invitation to remand.

Having reviewed all of Robert's other contentions, we affirm the judgment for substantially the same reasons as set forth in the district court's Memorandum of Decision and Order.

For the reasons set forth above, the judgment of the district court is AFFIRMED.