**CASANOVA ENTERTAINMENT GROUP, INC., Plaintiff–Appellant,**

v.

**CITY OF NEW ROCHELLE, Defendant–Appellee.**

No. 05–3772–CV.

United States Court of Appeals, Second Circuit.

Jan. 31, 2006.

J. Michael Murray, Berkman, Gordon, Murray & DeVan, Cleveland, Ohio, for Appellant.

David S. Steinmetz, Zarin & Steinmetz, White Plains, New York (Bernis Shapiro, on the brief), for Appellee.

PRESENT: Honorable REENA RAGGI, Honorable PETER W. HALL, Circuit Judges, and Honorable EDWARD R. KORMAN, District Judge.[1]

## SUMMARY ORDER

Plaintiff Casanova Entertainment Group, Inc. ("Casanova"), which asserts a right under the First and Fourteenth Amendments to exhibit topless dancing at a nightclub it operates in New Rochelle, New York, (the "City") appeals the denial of its motion preliminarily to enjoin the enforcement of any local ordinance or zoning code that would bar such exhibitions at its current location. Casanova argues that it was entitled to injunctive relief because

---

[1] The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

New Rochelle's failure to afford "reasonable alternative avenues" for topless dancing establishes its likely success on the merits of its First Amendment challenge. In reviewing this argument, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Our jurisdiction to hear an appeal from the denial of a preliminary injunction motion is established by 28 U.S.C. § 1292(a)(1). Because Casanova seeks to enjoin government action taken in the public interest pursuant to a statutory scheme, it must demonstrate both (1) irreparable harm absent the injunction, and (2) likely success on the merits. *See Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir.2005); *see also Green Party v. N.Y. State Bd. of Elections*, 389 F.3d 411, 418 (2d Cir.2004) (requiring that, where the requested relief alters the status quo, plaintiffs must satisfy the likelihood-of-success standard). The loss of First Amendment rights is generally recognized to constitute irreparable harm, *see Lugosch v. Pyramid Co.*, 435 F.3d 110 (2d Cir.2006) (citing *Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976)), and so Casanova's entitlement to a preliminary injunction turns largely on its ability to demonstrate success on the merits.

As a rule, we review the denial of a preliminary injunction only for abuse of discretion, and we will affirm a denial on any ground supported in the record. *See Freedom Holdings, Inc. v. Spitzer*, 408 F.3d at 114. When a preliminary injunction is sought to vindicate First Amendment rights, however, "we are obliged to make an independent examination of the record as a whole, to ensure that the district court's judgment has not improperly intruded into the field of free expression." *Green Party v. N.Y. State Bd. of Elections*,

389 F.3d at 418. No such concern arises in this case. Like the district court, we conclude that Casanova fails to demonstrate likely success on the merits of its First Amendment claim.

■ Consistent with the First Amendment, zoning ordinances may limit adult-entertainment businesses to particular locations provided that the limitations leave open "reasonable alternative avenues of communication." *Buzzetti v. City of New York*, 140 F.3d 134, 140–41 (2d Cir.1998) (citing *Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 53–54, 106 S.Ct. 925, 89 L.Ed.2d 29 (1986)). In evaluating the reasonableness of available alternatives, a court reviews the totality of the evidence to determine what areas within a city remain available for adult-oriented businesses, *see Hickerson v. City of New York*, 146 F.3d 99, 107–108 (2d Cir.1998), and whether these areas afford a reasonable opportunity to locate and operate such a business, *see Buzzetti v. City of New York*, 140 F.3d at 140–41.

The record in this case, reviewed in light of the New Rochelle Zoning Code as amended on December 6, 2005, *see Sporty's Farm L.L.C. v. Sportsman's Mkt., Inc.*, 202 F.3d 489, 496 (2d Cir.2000) (citing *United States v. Schooner Peggy*, 5 U.S. (1 Cranch) 103, 110, 2 L.Ed. 49 (1801)), convincingly demonstrates that six lots, comprising approximately 2.74 acres, are available in New Rochelle for adult-entertainment businesses. While this represents only 0.04% of the city's total land area, that statistic cannot be viewed in isolation. As the district court observed, New Rochelle is a highly developed residential suburb, with less than 5% of its total land area available for *any* commercial use. The six lots in question represent 2.77% of the land zoned for "Light Industrial" development. Plaintiff has failed to show that the demand for sites in

New Rochelle that could be used for adult entertainment businesses exceeds this supply. Thus, Casanova's complaint appears to be not so much that there are not reasonable alternative sites available for it to offer topless dancing in New Rochelle; rather, its grievance is that New Rochelle's zoning code prevents it from using its current site for that purpose. Like the district court, we are not convinced, on the record of alternative sites before us, that plaintiff is likely to succeed on its claim. *See generally Buzzetti v. City of New York,* 140 F.3d at 140–41; *see also Diamond v. City of Taft,* 215 F.3d 1052, 1058 (9th Cir.2000) (concluding that seven sites in rural town offered reasonable alternative avenue for expression).

■ Alternatively, Casanova submits that, even if the six available sites afford reasonable alternative avenues of communication, those sites cannot be deemed "available" in any meaningful sense because of City permit requirements for adult-oriented businesses. Casanova concedes that it lacks standing to challenge this permit scheme directly. Nevertheless, it insists the scheme is relevant to our determination of the availability of reasonable alternative avenues for its intended communication. Even assuming we were persuaded by Casanova's relevancy argument, it would nevertheless not establish an entitlement to the requested preliminary injunction.

Casanova asserts that the permit scheme is constitutionally flawed because it fails (1) to articulate the " 'narrow, objective and definite standards' " required when subjecting First Amendment freedoms to the prior restraint of a license, *Charette v. Town of Oyster Bay,* 159 F.3d 749, 754 (2d Cir.1998) (quoting *Shuttlesworth v. City of Birmingham,* 394 U.S. 147, 150–51, 89 S.Ct. 935, 22 L.Ed.2d 162 (1969)); and (2) to provide for reasonably prompt resolution of permit applications,

*City of Littleton v. Z.J. Gifts D–4, L.L.C.,* 541 U.S. 774, 780, 124 S.Ct. 2219, 159 L.Ed.2d 84 (2004); *FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 223, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990). Having reviewed the permit requirements, we identify only two criteria that might arguably afford any discretion to licensing authorities, one pertaining to consideration of the proposed exterior appearance of an adult-oriented business, and the other providing for review of the site plan. Because plaintiff points us to no permit application denied or even delayed on these (or any other) grounds, we cannot conclude from the record as presently developed that plaintiff is likely to succeed in demonstrating the unconstitutionally of these criteria. Similarly, further record development would be necessary to determine whether, in light of the totality of the circumstances, the 152–day period within which a permit application must be resolved in New Rochelle demonstrates an unconstitutional restraint. *Compare 11126 Baltimore Boulevard v. Prince George's County,* 58 F.3d 988, 998 (4th Cir.1995) (*en banc*) (concluding that 150–day licensing period for adult business was not reasonable) *with Bronco's Entm't v. Charter Twp. of Van Buren,* 421 F.3d 440, 447 (6th Cir.2005) (ruling 135–day licensing period reasonable). In any event, any such conclusions as to flaws in the permit process would not necessarily entitle Casanova to an injunction allowing it to display topless dancing at its present nightclub site. Rather, the court might conclude that the interests of the parties are best accommodated by striking any constitutionally offending portion of the code.

The district court's June 29, 2005 order denying plaintiff's motion for a preliminary injunction is hereby AFFIRMED.