Murphy Boyd LOUVIERE,
Plaintiff-Appellant,

v.

MARATHON OIL COMPANY,
Defendant-Appellee.

No. 84–4658

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 18, 1985.

---

Beard & Artigue, J. Michael Artigue, Caliste Beard, Jr., Lafayette, La., for plaintiff-appellant.

Onebane, Donohoe, Bernard, Torian, Diaz McNamara & Abell, Rebecca F. Doherty, John Allen Bernard, John A. Jeansonne, Jr., Lafayette, La., for plaintiff-appellee.

Before CLARK, Chief Judge, GARWOOD, and JOLLY, Circuit Judges.

PER CURIAM:

Murphy Boyd Louviere appeals the grant of summary judgment to defendant Marathon Oil Company. We reverse and remand.

### I

Louviere was employed by A.M.F. Scientific Drilling International on a platform owned by Marathon Oil. He was injured while working on a drilling rig owned by Pool Drilling Company. He filed a suit alleging that his injuries were caused by the gross and wanton negligence of both Pool and Marathon. Marathon moved for summary judgment on the grounds that *Washington Metropolitan Area Transit Authority v. Johnson,* — U.S. —, 104 S.Ct. 2827, 2835, 81 L.Ed.2d 768 (1984) established that under sections 4(a), 5(a) of the Longshoremen's and Harbor Workers' Compensation Act (Act), 33 U.S.C. §§ 904(a), 905(a) a general contractor was immune from tort suits brought by a subcontractor's employees unless the contractor neglected to secure compensation coverage for those employees after the subcontractor failed to do so.

It is undisputed that Louviere's employer had secured workers' compensation under the Act. Therefore, the trial judge awarded Marathon summary judgment.

### II

On appeal Louviere asserts that the trial judge's decision must be reversed because of the subsequent amendments to the Act. Marathon Oil contends that retrospective application of the 1984 amendments would violate due process.

### A

Section 905(a) of the Act provides that worker's compensation shall be the exclusive remedy for an injured employee whose employer has complied with section 904(a)'s requirement that it secure such compensation. The district court correctly applied *Washington Area Transit Authority* in holding that Marathon was also immune from suit because A.M.F. Scientific Drilling International had secured worker's compensation for Louviere.

However, the 1984 amendments had the effect of negating the holding of *Washington Area Transit Authority.* They provided that a contractor shall be considered the employer of a subcontractor's employees and be entitled to immunity under section 905(a) only if the contractor is compelled by section 904(a) to secure worker's compensation for those employees be-

cause the subcontractor fails to do so. Congress provided that these amendments applied to all pending claims. 33 U.S.C. § 901(a). Therefore, we are required to reverse the grant of summary judgment to Marathon. *Martin v. Ingalls Shipbuilding,* 746 F.2d 231, 232–33 & n. 1 (5th Cir. 1984).

### B

 Defendant's contention that application of these amendments to pending cases would violate Marathon's due process rights by retroactively divesting it of its vested right to a defense under section 905(a) as interpreted by *Washington Area Transit Authority* or by creating a cause of action on a retrospective basis are without merit.

"It is in the general true that the province of an appellate court is only to inquire whether a judgment when rendered was erroneous or not. But if, subsequent to the judgment, and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied. * * * In such a case the court must decide according to existing laws, and if it be necessary to set aside a judgment, rightful when rendered, but which cannot be affirmed but in violation of law, the judgment must be set aside." *United States v. Schooner Peggy,* 5 U.S. 103, 109, 1 Cranch 103, 109, 2 L.Ed. 49 (1801). *Schooner Peggy* requires that a change in law while a case is on direct review be given effect. *Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 1736, 14 L.Ed.2d 601 (1965); *see Bradley v. School Board of Richmond,* 416 U.S. 696, 94 S.Ct. 2006, 2017, 40 L.Ed.2d 476 (1974). In *Bradley* the Court rejected the contention that a change in law can be applied to a pending case only where that is the "clear and stated intention of the legislature." *Id.* 94 S.Ct. at 2018. In light of the Court's refusal to impose this restriction where the intent of the legislature is unclear, we certainly cannot refuse to enforce the specific provision of § 901(a) that these amend-

ments apply to pending cases. *See Eikenberry v. Callahan,* 653 F.2d 632, 633 (D.C. Cir.1981). Marathon, of course, has no vested right to act negligently; nor is there any suggestion of significant detrimental reliance on the rule of *Washington Area Transit Authority.*

### III

The decision of the district court is reversed and the cause is remanded for further proceedings.

REVERSED AND REMANDED.