PAULIPHY PREVOST and JOAN PREVOST, Plaintiffs

v.

HESS OIL VIRGIN ISLANDS CORPORATION, Defendant

Civil No. 1984/195

PHILLIP SCOTLAND, et ux., Plaintiff

v.

HESS OIL VIRGIN ISLANDS CORPORATION, Defendant

Civil No. 1985/86

LOGAN GREENE, Plaintiff

v.

MARTIN MARIETTA ALUMINA, INC., Defendant

Civil No. 1985/28

District Court of the Virgin Islands

Div. of St. Croix

August 7, 1986

JOHN R. COON, ESQ., St. Croix, V.I., *for Pauliphy Prevost*

DESMOND L. MAYNARD, ESQ., St. Thomas, V.I., *for Phillip Scotland*

ESZART A. WYNTER, ESQ., St. Croix, V.I., *for Logan Greene*

BRITAIN H. BRYANT, ESQ., St. Croix, V.I., *for Hess Oil Virgin Islands Corporation*

R. ERIC MOORE, ESQ., St. Croix, V.I., *for Martin Marietta Alumina, Inc.*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

We confront in these cases the issue whether constitutional protections preserve the borrowed employee defense. Specifically we must determine whether the recent amendments to the Workmen's Compensation Act, retroactively abolishing the borrowed employee defense, violate the contract and due process clauses of the Revised Organic Act. Since we find they do not, we will deny the defendants' motions for summary judgment.

341

# I. FACTS

On October 19, 1984, the Virgin Islands Legislature amended the Workmen's Compensation Act to abrogate the borrowed employee doctrine.[1] This legislation was silent concerning its application to pending cases.

On January 23, 1986, the Virgin Islands Legislature again amended the Workmen's Compensation Act specifically eliminating the borrowed employee doctrine as a defense in all pending cases.[2] In the cases before us, workers sustained injuries and filed suits prior to the passage of the 1986 amendment.

Each defendant moved for summary judgment based on the borrowed employee doctrine. Vanterpool v. Hess Oil V.I. Corp., 766 F.2d 117 (3d Cir. 1985). The plaintiffs counter these motions by asserting the 1986 amendment specifically provides that the abrogation of the borrowed employees doctrine should retroactively apply to pending cases.

---

[1] The amendment stated:

> *263a. Abrogation of the borrowed employee doctrine.* It shall not be a defense to any action brought by or on behalf of any employee, that the employee, at the time of his injury or death, was the borrowed, loaned, or rented employee of another employer. Any oral or written agreement between an employer and employee which makes the employee the borrowed, loaned or rented employee of another employer shall be null and void as being against the public policy of this territory.

24 V.I.C. § 263a (Supp. 1985).

[2] SECTION 1. (a) Title 24, section 284, Virgin Islands Code, is amended by designating the existing language as subsection (a) and adding a new subsection (b) to read as follows:

> (b) For the purposes of this section, a contractor shall be deemed the employer of a subcontractor's employees only if the subcontractor fails to comply with the provisions of this chapter with respect to being an insured employer. The "statutory employer and borrowed servant" doctrine are not recognized in this jurisdiction, and an injured employee may sue any person responsible for his injuries other than the employer named in a certificate of insurance issued under section 272 of this title.

(b) Title 24, section 284, subsection (b), as added by section 1 of this act shall apply to:

> (1) claims filed after the effective date of this act; and
> (2) claims pending as of the effective date of this act; regardless of when the accident which gave rise to the claim occurred.

Act # 5145 was passed by the Legislature on January 23, 1986. The Honorable Juan Luis vetoed this act on February 5, 1986. This veto was overridden by the Legislature on February 27, 1986.

The defendants reply by challenging the constitutionality of the 1986 amendment. Because of the interest in this issue, we invited all counsel, and amicus counsel, to submit briefs addressing the constitutionality of the amendment.

## II. DISCUSSION

The defendants raise three constitutional challenges to the 1986 amendment. First, they assert that retroactive application of the 1986 amendment impermissibly impairs their contract rights. These rights arise from the provisions of the Virgin Islands workmen's compensation scheme which are an "implied" term of all employment contracts. Amending the workmen's compensation scheme by retroactively eliminating the borrowed employee defense unconstitutionally impairs these vested rights.

The second and third constitutional challenges involve the due process clause. The manner in which the 1986 amendment was passed is challenged on procedural due process grounds while the effect of the amendment is challenged on substantive due process grounds. The plaintiffs attack the first argument by challenging its initial premise: workmen's compensation schemes are not implied terms of employment contracts but rather relate to the "status" of the employment relationship. Constitutional issues involving the contract clause are not reached since no contract is implicated.

Likewise, procedural due process is not infringed because the act was validly passed by the Virgin Islands Legislature. Finally, the plaintiffs submit that the 1986 amendment is economic and social legislation rationally related to the achievement of a valid legislative purpose and therefore is not a violation of substantive due process.

For the following reasons we find the 1986 amendment is constitutional.

A. *Contract Clause*

The Revised Organic Act provides in part, "[n]o law impairing the obligation of contracts shall be enacted." Rev. Organ. Act § 3 (1967). Whether a contractual relationship is impaired is the threshold inquiry for contract clause issues. Energy Reserves Group, Inc. v. Kansas Power & Light Co., 459 U.S. 400, 411 (1983).

343

If no contractual relationship is impaired, we do not reach this constitutional issue.[3]

1) *Status v. Contract*

Whether the relationship between an employment contract and workmen's compensation scheme is contractual is the precise issue before us. Since this is a question of first impression, we must look to the rules of common law as generally applied in the United States.[4]

One school of thought considers workmen's compensation rights and obligations as implied terms of the employment contract invoking contract clause protection; Mitchell v. United States Fidelity and Guaranty Co., 206 F. Supp. 489, 490 (E.D. Tenn. 1962); Cooper v. Wicomico Cty., Dept. of Public Works, 366 A.2d 55, 58 (Md. Ct. App. 1976); Miller v. Norris Creameries, 250 N.W.2d 161 (Minn. 1976) citing Yeager v. Delano Granite Works, 84 N.W.2d 363 (Minn. 1957);[5] while the opposing school holds that the rights and obligations of workmen's compensation are based on the status of the employer-employee relationship. Changes in workmen's compensation schemes, therefore, are not unconstitutional impairments of contracts. K-Mart Corp. v. State Indus. Ins. System, 693 P.2d 562, 565–67 (Nev. 1985); Jenkins v. Sal Chemical Co., 280 S.E.2d 243, 244 (W. Va. 1981) citing Lester v. State Workmen's Compensation Com'r, 242 S.E.2d 443 (W. Va. 1978) (West Virginia switched from contract theory to status theory); Price v. All American Engineering Company, 320 A.2d 336, 339–40 (Del. 1974).[6] Jurisdictions, including the Supreme Court, appear evenly divided between these two theories and we find no clear trend in either

---

[3] The Supreme Court advises that statutes should be construed to avoid constitutional questions. Machinists v. Street, 367 U.S. 740, 749–50 (1961).

[4] No Virgin Islands statute or Restatement of Law section is on point. 1 V.I.C. § 4 (1967).

[5] For a more exhaustive list of additional cases see the brief of defendant Hess Oil Virgin Islands Corporation at page 16. Additionally, other cases not involving the contract clause support the proposition that workmen's compensation acts are a term of the employment contract. De Martino v. Zurich Insurance Company, 307 F. Supp. 571, 573 (W.D. Pa. 1969) aff'd 440 F.2d 1320 (3d Cir. 1971); Jensen v. McInerney, 299 F. Supp. 1309 (D.V.I. 1969); M. J. Daly Co. v. Varney, 695 S.W.2d 400 (Ky. 1985).

[6] For additional support see cases cited in Lester, supra at 451 and in Price, supra at 339–40. Additionally see Kaiser Foundation Hospitals v. Workers' Comp., 146 Cal. Rptr. 86, 99 (Cal. App. 1978).

direction.[7] The absence of a clear trend in favor of either theory allows us the freedom to adopt the "better rule". Edwards v. Born, Inc., 792 F.2d 387 (3d Cir. 1986); LaPlace v. Sun Insurance Office, Ltd., 298 F. Supp. 764, 766 (D.V.I. 1969).

Initially we note that some evidence slightly favors the status theory. This evidence is found in Lester, supra, which expressly replaced the contract theory with the status theory, and in recent cases such as K-Mart, supra.

In K-Mart, the Nevada Supreme Court rejected the contract theory after questioning its theoretical footing. Like Nevada, we too question the rationale behind the contract theory.

In general, the contract theory evolved from jurisdictions which allowed employers the option to participate in workmen's compensation programs. Employers received the protection of the statutory bar in exchange for participating in the insurance program, while qualified workers received guaranteed benefits in lieu of possible larger awards from negligence suits. Since workmen's compensation was optional parties freely entered into employment contracts with reference to the statute and the statute was considered an implied term of the contract. K-Mart, supra, at 566-67; Lester, supra, at 449. This theory is unpersuasive for two reasons.

■ First, the Virgin Islands Workmen's Compensation scheme is mandatory. 24 V.I.C. § 272 (1970). The initial assumption of the contract theory, therefore, does not conform to our situation. Second, even assuming Virgin Islands employers could elect into the system, this election is far from voluntary.

The overwhelming advantages of workmen's compensation make an employer's "elective choice" a foregone conclusion. Similarly, it is unlikely that workers make employment decisions based on a prospective employer's workmen's compensation insurance plan.[8] These theoretical problems undermine the persuasiveness of the

---

[7] Both sides cite Supreme Court decisions which support their respective positions. In Cudahy Packing Co. v. Parramore, 263 U.S. 418 (1923) the Court stated workmen's compensation legislation rested upon the idea of status and not upon the idea of implied contract while in State Industrial Commission v. Nordenholt Corp., 259 U.S. 263 (1921), the same court asserted that awards under workmen's compensation are made upon the theory that compensation statutes are read into and become part of the employment contract. Since we are unable to decipher any favored theory, these counterpoised decisions do not provide guidance.

[8] For a detailed explanation of the history of workmen's compensation and the contract theory, see Lester, supra.

contract theory. For the above reasons we reject the contract theory.

■ The status theory, on the other hand, views workmen's compensation as incidental to the employment relationship and not an implied term of the employment contract. We believe this is the better view and now adopt the status theory in the Virgin Islands.[9] Since this theory considers workmen's compensation as incidental to the employment relationship the contract clause is not infringed.

2) *Contract Clause v. Police Power*

■ Assuming, arguendo, we adopted the contract theory, and thus satisfied the initial inquiry, our next step would be to determine whether contract clause prohibitions have been breached. Though the language of the clause is facially absolute, its prohibition must be balanced against the inherent police power of the territory to safeguard the vital interests of its people. Energy Reserves Group v. Kansas Power & Light, 459 U.S. 400, 410 (1983), citing Home Building & Loan Asso. v. Blaisdell, 290 U.S. 398, 434 (1934). The Third Circuit, summarizing the Supreme Court's contract clause jurisprudence, outlined the criteria used for determining whether the clause has been violated. Troy Ltd. v. Renna, 727 F.2d 287, 297 (3d Cir. 1984). The suggested analysis is first to determine whether the state has "a significant and legitimate public purpose behind the" statute and, if so, whether "the adjustment of the rights and responsibilities of the contracting parties is based upon reasonable conditions and is of a character appropriate to the public purpose justifying the legislation adoption." Troy, supra at 297, quoting Energy Reserves, supra. Deference is paid to the legislature's judgment concerning the necessity and reasonableness of a particular measure unless the territory itself is a contracting party. Id. Mindful of this standard, we find the 1986 amendments can pass constitutional muster.

As stated in the explanation to the amendment, the bill was intended to allow employees to sue secondary employers and to assist the Department of Labor in its efforts to recoup monies

---

[9] To the extent that McInerney, supra, is in conflict with the holding herein, it is overruled.

expended on workmen's compensation.[10] Explanation attached to Bill No. 16-0498 passed as Act No. 5145. Given the required deference to this explanation, we find it satisfies the Troy test.

Protection of workmen's compensation resources as well as protection of Virgin Islands workers are both significant and legitimate public purposes. The adjustments to the rights and responsibilities of the defendants and workers are reasonable particularly when considering the borrowed employee doctrine had only recently been adopted in the Virgin Islands.[11]

Prior to that point the present employees would have been free to bring these actions against third parties. We therefore find the 1986 amendment, which conforms our present law with workmen's compensation practice prior to Vanterpool, supra, is of a character appropriate for accomplishing the above-stated public purpose.

B. *Due Process*

◼ Like the contract clause, the due process clause is also included in the Revised Organic Act. Rev. Organ. Act § 3 (1967).

1) *Procedural Due Process*

We see little merit in a challenge to the 1986 amendment on procedural due process grounds. No suggestion is made that the Sixteenth Legislature was not lawfully elected, did not have the power to act or had incorrectly passed the 1986 amendment. We therefore reject this argument.

2) *Substantive Due Process*

◼ Initially we note that legislative acts which adjust economic responsibilities are presumed constitutional, the burden being on the one complaining of the due process violation to establish that the legislature has acted in an arbitrary and irrational way. Usery v. Turner Elkhorn Mining Co., 428 U.S. 1, 15 (1976). The Supreme Court has upheld against due process attack the competence of Congress to adjust economic rights and duties in the workmen's

---

[10] When an injured workman is entitled to damages against a third person in cases where the Government Insurance Fund was used to compensate the workman, the commissioner administering the fund may subrogate himself to the rights of the workman and institute proceedings against the third person. 24 V.I.C. § 263 (Supp. 1985).

[11] The Virgin Islands first adopted the doctrine in Vanterpool v. Hess Oil Virgin Islands Corp., 589 F. Supp. 334 (D.V.I. 1984) *reversed in part* 766 F.2d 117 (3d Cir. 1985).

compensation field. Usery, supra at 15; New York Central R. Co. v. White, 243 U.S. 188 (1917).

■■ The Usery opinion suggests that a legislature may overcome the traditional bias against retrospective statutes as long as it rationally relates the legislation to a legitimate governmental purpose. Legislation which has a proper purpose should be upheld even though it impairs recognized rights. J. Novak, R. Rotunda, J. Young, Constitutional Law (1978). As stated in our analysis for the contract clause, the 1986 amendment is rationally related to a legitimate governmental purpose. We therefore hold the amendment survives constitutional attack on due process grounds.

Further support for this holding is found in an analogous case, Louviere v. Marathon Oil Co., 755 F.2d 428 (5th Cir. 1985). In Louviere, rights and duties under the Longshoremen's and Harbor Workers' Compensation Act ("LHWCA") were challenged on substantive due process grounds. The District Court granted summary judgment in favor of the employer based on Washington Metropolitan Area Transit Authority v. Johnson, 467 U.S. 925 (1984). Washington Metro established immunity for a general contractor from tort suits brought by a subcontractor's employees unless, after the subcontractor failed to secure workmen's compensation coverage, the contractor also neglected to secure coverage. Louviere, supra, at 429.

After the District Court correctly applied the Washington Metro case, Congress amended the LWHCA to negate the holding of Washington Metro. Louviere, supra, at 429. Congress specifically provided that the amendment apply to all pending cases. 33 U.S.C. § 901(a). On appeal the Fifth Circuit rejected a due process argument and reversed the District Court's grant of summary judgment. We too will reject the substantive due process argument before us.

## III. CONCLUSION

Since we find the 1986 amendment survives all three constitutional attacks, the borrowed employee doctrine is no longer a valid defense and therefore we will deny the respective motions for summary judgment.

## ORDER

THIS MATTER is before the Court on motion of the defendant, seeking summary judgment. The Court having filed its memorandum opinion of even date herewith, and the premises considered, now therefore it is

ORDERED:

THAT the motion for summary judgment be, and the same, is hereby DENIED.