803 F.2d 193
 1988 A.M.C. 303, 55 USLW 2258
 Leonard P. DOWNS, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Texas Star Shipping
Co. and Texas Employers Insurance Assn.,
Respondents.
 No. 86-4141
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Oct. 27, 1986.
 Cox, Dodson & Buorum, James H. Bjorum, Corpus Christi, Tex., for petitioner.
 
 
 1
 Ralph F. Meyer, Corpus Christi, Tex., for Texas Star Ship. & Texas Empls. Inc.
 
 
 2
 Joshua T. Gillelan, II, U.S. Dept. of Labor, Washington, D.C., for U.S.
 
 
 3
 Benefits Review Bd., U.S. Dept. of Labor, Washington, D.C., for other interested party.
 
 
 4
 Petition for Review of an Order of The Benefits Review Board.
 
 
 5
 Before CLARK, Chief Judge, GARWOOD, and HILL, Circuit Judges.
 
 ROBERT MADDEN HILL, Circuit Judge:
 
 6
 Leonard Downs appealed a dismissal of his settlement modification action by an administrative law judge for lack of jurisdiction. The Benefits Review Board (the Board) affirmed the dismissal. Downs appeals to this court again objecting to the dismissal. For the reasons stated below, we affirm.
 
 I.
 
 7
 Because of the novel procedural history of this appeal, we detail the facts, intervening legal changes, and the parties' arguments so as to explicate the conclusions we then draw.
 
 A.
 
 8
 Leonard Downs was injured on June 21, 1979, while working as a longshoreman for Texas Star Shipping Co., Inc. (Texas Star). As he was loading bales of cotton onboard a vessel in the Port of Corpus Christi, Texas, a metal band around one bale snapped and struck him on the left thigh. His skin was punctured and muscle tissue slightly above the knee was partially severed. This injury is commonly known as a "spider bite" on the docks.
 
 
 9
 During his recuperation, Downs received workers compensation benefits from Texas Employers' Insurance Association (Texas Employers'), the compensation carrier for Texas Star. The benefits were paid pursuant to the Longshore and Harbor Workers Compensation Act, 33 U.S.C. Sec. 901 et seq. (LHWCA). On September 13 Downs' treating physician, Dr. William Swan, released him to return to work, and Downs resumed work on the waterfront immediately.
 
 
 10
 Even though Downs had returned to his job, he insisted that he had a continuing disability as a result of the accident.[1] After obtaining an attorney, Downs filed a claim for further compensation benefits under the LHWCA. Texas Star and Texas Employers' contested Downs' claim on the grounds that Dr. Swan had released him to return to full-time employment and that his continued medical problems were not causally related to the accident on June 21. The claim was initially handled by the deputy commissioner of the Office of Worker's Compensation Programs (OWCP), United States Department of Labor, but when the dispute could not be resolved administratively, it was referred for a formal de novo hearing pursuant to 33 U.S.C. Sec. 919 and 20 C.F.R. Sec. 702.301 (1986).
 
 
 11
 Prior to the formal hearing, the parties negotiated a settlement covering Downs' compensation claim as allowed by the LHWCA. 33 U.S.C. Sec. 908(i). The settlement provided for a lump sum payment of $12,000 for all compensation benefits arising out of any alleged disability.[2] The settlement agreement was presented to an administrative law judge (ALJ) for review and approval at the scheduled formal hearing. After reviewing the evidence regarding the settlement and injury,[3] the ALJ approved the settlement as being the best interest of Downs and issued an order on July 10, 1981, incorporating the settlement arrangement. The settlement amount was paid in full nine days later on July 19.
 
 
 12
 Following payment, Downs filed motions for reconsideration on September 21, 1981, and March 3, 1982. Both were denied by the ALJ.[4] No appeal was taken by Downs from either the order approving the settlement or the orders denying reconsideration; therefore, all the orders became final pursuant to 33 U.S.C. Sec. 921.
 
 
 13
 On February 26, 1982, Downs, through new counsel, filed a request for modification of the settlement pursuant to section 922 of the LHWCA. 33 U.S.C. Sec. 922. After the deputy commissioner of OWCP denied the request, the matter was referred to another ALJ for a formal hearing. On January 19, 1984, the ALJ dismissed the modification action for lack of jurisdiction because the settlement order had become final and was therefore not subject to modification under section 922.
 
 
 14
 Downs appealed the ALJ's dismissal, under the procedures of 33 U.S.C. Sec. 921(b), to the Board. The Board affirmed the ALJ's order of dismissal. The Board held that the settlement order had become final; that the ALJ's authority to approve the settlement could not be challenged because this issue had not been raised in a direct appeal; and that section 922 could not be used to reopen and modify a final settlement. --- Ben.Rev.Bd.Serv. --- No. 84-455 (Dec. 29, 1985). Downs now appealed this ruling; we have jurisdiction to review this final decision. 33 U.S.C. Sec. 921(c); see also Newpark Shipbuilding & Repair, Inc. v. Roundtree, 723 F.2d 399, 400 (5th Cir.1984) (en banc), cert. denied, 469 U.S. 818, 105 S.Ct. 88, 83 L.Ed.2d 35 (1985).
 
 B.
 
 15
 During the lengthy history of this case, two other events occurred which affect our consideration of this appeal. First, approximately one year after the settlement order had been issued and become final we decided Ingalls Shipbuilding Div., Litton Systems Inc. v. White, 681 F.2d 275 (5th Cir.1982), overruled in part on other grounds, Newpark Shipbuilding & Repair, Inc. v. Roundtree, 723 F.2d 399 (5th Cir.1984) (en banc), cert. denied, 469 U.S. 818, 105 S.Ct. 88, 83 L.Ed.2d 35 (1985). One of the issues before us in Ingalls Shipbuilding[5] was whether an ALJ possessed authority to approve compromise settlements under 33 U.S.C. Sec. 908(i)(A) as then written.[6] We noted that this issue had never been addressed by another circuit, but that the Board had previously decided that an ALJ did have approval authority under this section.[7] We concluded, however, that section 908(i)(A) only permitted the deputy commissioner to approve settlements. Ingalls Shipbuilding, 681 F.2d at 291. Our conclusion was based upon the unambiguous language of the statute and the lack of any contradictory legislative history. Id. at 290-91. We did not indicate, however, whether our decision would be retroactive so as to affect other final settlement orders which had been approved by ALJs, such as the one involved in this appeal.
 
 
 16
 The second event which affects our review of this appeal occurred in 1984 while this case was awaiting review by the Board. In that year Congress amended sections 908(i) and 922 of the LHWCA. Section 908(i) was amended to read:
 
 
 17
 (i)(1) Whenever the parties to any claim for compensation under this Act, including survivors benefits, agree to an settlement, the deputy commissioner or administrative law judge shall approve the settlement within thirty days unless it is found to be inadequate of procured by duress....
 
 
 18
 Longshore and Harbor Workers' Compensation Act Amendments of 1984, Pub.L. No. 98-426, Sec. 8(f), 98 Stat. 1639, 1646 (1984), now codified, 33 U.S.C. Sec. 908(i)(1) (amendment language emphasized).
 
 
 19
 Section 922[8] was amended by adding a final sentence reading: "This section does not authorize the modification of settlements." Pub.L. No. 98-426, Sec. 16(3), 98 Stat. at 1650. Congress provided that the amendment to section 922 was effective on the date of enactment of the LHWCA, September 28, 1984. Pub.L. No. 98-426, Sec. 28(e)(1), 98 Stat. at 1655. The amendment to section 908(i) became effective 90 days after enactment, or December 28, 1984, and applied to all claims filed or pending on that date. Pub.L. No. 98-426, Sec. 28(b), 98 Stat. at 1655.
 
 C.
 
 20
 On appeal Downs now argues that the 1984 amendments to the LHWCA are not applicable to control this case because retroactivity would violate his "constitutional due process rights." Downs also asserts that Ingalls Shipbuilding should be retroactive so as to invalidate the ALJ's July 10, 1981, settlement order. Alternatively, Downs maintains that even if the settlement order is valid, it is subject to section 922 modification because of "undue influence approaching fraud" on the part of his former attorney.
 
 
 21
 Texas Star and Texas Employers' counter by arguing that the 1984 amendments foreclose Downs' appeal. They point out that Congress explicitly made the 1984 amendments retroactive to pending claims, and Downs' claim was pending before the Board when the amendments became effective. Alternatively, they argue that the ALJ's authority to approve the settlement cannot be challenged by this collateral attack; that Ingalls Shipbuilding should not be applied retroactively under existing case law; and that section 922 modification is not available to reopen a final settlement order.
 
 II.
 
 22
 The issues presented then are: (1) can the validity of the July 10, 1981, order approving the settlement be attacked, and (2), if not, is a section 922 modification action available to alter the order. We answer each question in the negative, discussing each below in their respective order.
 
 A.
 
 23
 The settlement order cannot be attacked in this proceeding because the 1984 amendment to section 908(i) applies to foreclose the challenge. Downs' attack on the settlement order is predicated on his assertion that the ALJ was without authority to approve the settlement. Downs cites Ingalls Shipbuilding as authority.
 
 
 24
 The 1984 amendment to section 908(i), however, authorizes administrative law judges to approve lump sum settlements. 33 U.S.C. Sec. 908(i)(1). Furthermore, Congress provided that this amendment should apply to pending claims. 33 U.S.C. Sec. 901. As the effective date of the amendment, December 28, 1984, Downs' action was pending before the Board.
 
 
 25
 It is an accepted principle of law "that a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." Bradley v. School Board of City of Richmond, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974); see also United States v. Schooner Peggy, 5 U.S. (Cranch) 103, 109, 2 L.Ed. 49 (1801). In applying this standard, we observe that the Bradley court rejected the contention that a change in law can be applied to a pending case only where that is the "clear and stated intention of the legislature." Bradley, 416 U.S. at 711-12, 94 S.Ct. at 2016. In light of that refusal, we certainly cannot refuse to enforce the explicit congressional instruction that the section 908(i) amendment applies to pending claims, such as Downs'.[9]
 
 
 26
 Furthermore, we do not believe the application of the amendment will result in manifest injustice to Downs. At the time of the ALJ's settlement order, the prevailing rule was that an administrative law judge could approve a settlement under section 908(i)(A). See Clefstad v. Perini North Associates, 9 Ben.Rev.Bd.Serv. 217, 220 (1978).[10] Downs failed to challenge the ALJ's authority to approve the settlement in either motion for reconsideration or by direct appeal. Only after the Ingalls Shipbuilding decision did Downs question the ALJ's authority, and he did so only through an improper use of a section 922 proceeding.[11] There of course can be no suggestion of detrimental reliance on the now defunct rule of Ingalls Shipbuilding because of the time sequence involved.[12] Cf. Louviere v. Marathon Oil Co., 755 F.2d 428, 430 (5th Cir.1985) (retroactive application of 1984 amendment to section 905(a) of LHWCA where no "detrimental reliance" on overruled case law).
 
 
 27
 Our decision today is also consistent with prior decisions upholding the retroactive application of other 1984 amendments to the LHWCA. See West v. Kerr-McGee Corp., 765 F.2d 526, 529 (5th Cir.1985); Frederick v. Mobil Oil Corp., 765 F.2d 442, 446 (5th Cir.1985); Louviere v. Marathon Oil Co., 755 F.2d 428, 430 (5th Cir.1985); Trussell v. Litton Systems, Inc., 753 F.2d 366, 369 (5th Cir.1984); Martin v. Ingalls Shipbuilding Division, 746 F.2d 231, 233 (5th Cir.1984); Weathersby v. Conoco Oil Co., 752 F.2d 953, 958 (5th Cir.1984). In each of these cases, we followed the explicit language of the amendments so as to apply them retroactively to pending claims.
 
 
 28
 In light of the clear directive of Congress embodied in the 1984 amendment to section 908(i), Downs' attack on the validity of the July 10, 1981, settlement order must fail.[13] The settlement order is therefore valid.
 
 B.
 
 29
 Since the original settlement order is valid, the next issue presented is whether Downs can utilize a section 922 modification action to alter the settlement. Downs asserts that modification of his settlement is justified because of "undue influence approaching fraud" on the part of his former attorney. Without reaching the merits of his allegation, we hold that a section 922 modification cannot alter a final settlement order.
 
 
 30
 We first decide whether the 1984 amendment to section 922 governs this case. Section 922 of the LHWCA authorizes the deputy commissioner or administrative law judge to review compensation awards and determine whether modification of the awards is appropriate. 33 U.S.C. Sec. 922. In 1984 Congress amended the section by adding a sentence stating, "This section does not authorize the modification of settlements." Longshore and Harbor Workers' Compensation Act Amendments of 1984, Pub.L. No. 98-426, Sec. 16(3), 98 Stat. 1639, 1650 (1984), now codified, 33 U.S.C. Sec. 922. In contrast to our conclusion that the amendment to section 908(i) is retroactive, we believe the amendment to section 922 is not retroactive. Although the amendment will apply to prohibit modification of settlements in the future, it does not apply to govern this case. Our reasons follow.
 
 
 31
 The 1984 LHWCA Amendments Act modifies certain sections of Title 33, including section 922. Section 28 of the Amendments Act details the effectiveness dates for the amendments. See generally Pub.L. No. 98-426, 98 Stat. 1639 (1984). Section 28(a) of the 1984 LHWCA Amendments Act provides:
 
 
 32
 Except as otherwise provided in this section, the amendments made by this Act shall be effective on the date of enactment of this Act and shall apply both with respect to claims filed after such date and to claims pending on such date. (emphasis added).
 
 
 33
 Section 28(e)(1) of the Amendments Act provides:
 
 
 34
 The amendments made [to section 922 of Title 33] shall be effective on the date of enactment of this Act.
 
 
 35
 Section 28(e)(1) is an exception to the general provision of section 28(a) providing for retroactive application of amendments. The amendment to section 922 is therefore excepted from the general provision of section 28(a) which states that the amendments apply to pending claims. To construe the statute otherwise would be to make section 28(e)(1) redundant and not recognize section 28(a)'s exception proviso.[14] See Lambert v. Atlantic & Gulf Stevedores, 17 Ben.Rev.Bd.Serv. 68, 70 (1985); Brady v. J. Young & Co., --- Ben.Rev.Bd.Serv. ---, No. 83-664 (Feb. 14, 1985). We therefore conclude that the amendment to section 922 does not apply to pending claims such as Downs' action.
 
 
 36
 Since the explicit prohibition on section 922 modification of settlements contained in the 1984 amendment is not applicable here, we must decide whether a pre-amendment section 922 modification of a final settlement is available. Whether a settlement is subject to pre-amendment section 922 modification is an issue of first impression in this or any circuit. The importance of this issue, while diminished by the 1984 amendment, is still substantial. For those parties entering settlements prior to September 28, 1984, such as Downs, his employer, and the carrier, the availability or unavailability of a section 922 modification could greatly impact their rights and obligations. A section 908(i) settlement provides for a complete discharge of the employer or carrier for payment of further compensation. 33 U.S.C. Sec. 908(i)(1). It also circumscribes the amount of compensation the injured worker may obtain in exchange for immediate recompense. To allow reopening of final settlements through section 922 actions could create uncertainty as to an employer's release from liability and thereby promote reluctance to settle claims. Such a result would frustrate the very purpose of section 908(i), i.e. the fair and just settlement of claims in the employee's best interest.
 
 
 37
 With these concerns in mind, we agree with a recent decision of the Benefit Review Board, Lambert v. Atlantic & Gulf Stevedores, 17 Ben.Rev.Bd.Serv. 68 (1985). The Board was addressing the precise issue before us, i.e. whether modification of final settlements is available under the pre-amendment LHWCA. In Lambert, the Board stated "a Section (a)(1) settlement provides for the complete discharge of the liability of the employer for payment of compensation and is not subject to modification pursuant to section ." Id. at 70 (emphasis added). The Board reasoned that to allow section 922 modifications of final settlements would frustrate the purpose of section 908(i) and lead to endless re-litigation of claims.
 
 
 38
 In further support of Lambert, we observe that the approval safeguards of section 908(i) adequately protect the injured employee from overreaching and ignorance during settlement negotiations so that section 922 modifications are not necessary. We also note that section 922 makes no provision for a modification of section 908(i)'s discharge of liability. The scope of 922's modification covers only "a change in condition or because of a mistake in the determination of a fact." 33 U.S.C. Sec. 922. And, finally, it is a general rule of statutory construction that a specific provision such as section 908(i)'s discharge of liability following settlement prevails over a general statutory rule such as section 922's modification of "awards," absent other statutory directives. E.g., Dupree v. United, 391 F.2d 753, 758 (5th Cir.1968) ("General language of a statutory provision, although broad enough to include it, will not be held to apply to a matter specifically dealt with in another part of the same enactment." (citations omitted)).
 
 
 39
 For the above reasons, we hold that Downs cannot utilize section 922 to modify the section 908(i) settlement.[15]III.
 
 
 40
 In conclusion, we hold that the 1984 amendment to section 908(i) of the LHWCA is applicable to bar Downs' attack on the settlement order. We further hold that the petitioner cannot utilize section 922 to modify or reopen the settlement order. Based on these conclusions, we AFFIRM the decision of the Benefits Review Board.
 
 
 
 [1]
 Downs maintained that the accident caused substantial injury to his left knee and left him with a permanent limp. He further alleged that persistent pain and the limp aggravated a prior injury to his back, thus rendering him totally disabled for further employment as a longshoreman
 
 
 [2]
 The settlement also included a provision that the employer and carrier would pay all outstanding and future medical bills of Downs
 
 
 [3]
 Downs, the employer, and the carrier executed a Stipulation of Fact detailing the above factual recitation. The ALJ also received testimony on Downs' medical condition and alleged disability, the nature of the settlement provisions, and a description of Downs' medical treatment
 
 
 [4]
 The ALJ denied the motions for reconsideration on two grounds. First, both were filed in an untimely manner; second, even if timely, the settlement order was final and met the guidelines of Clefstad v. Perini North River Association, 9 Ben.Rev.Bd.Serv. 217 (1978)
 
 
 [5]
 Ingalls Shipbuilding also raised the issue of whether we have jurisdiction, pursuant to 33 U.S.C. Sec. 921(c), to review a non-final administrative order of the Benefits Review Board. While recognizing the general rule that our appellate jurisdiction extends only to final judgments or orders, the panel in Ingalls Shipbuilding accorded "pragmatic finality" to a concedely non-final order. The panel relied upon Gillespie v. United States Steel Corp., 379 U.S. 148, 152-54, 85 S.Ct. 308, 310-12, 13 L.Ed.2d 199 (1964), in creating its exception
 Recently we had the opportunity to review this pragmatic finality exception. In Newpark Shipbuilding & Repair, Inc. v. Roundtree, 723 F.2d 399 (5th Cir.1984) (en banc), cert. denied, 469 U.S. 818, 105 S.Ct. 88, 83 L.Ed.2d 35 (1985), we overruled Ingalls Shipbuilding because "its value in occasionally permitting reviewable pragmatic finality to Board remand orders is outweighed by its erosion of the values of the finality rule mandated by Congress as a prerequisite for our appellate jurisdiction...." Id. at 407.
 We note, however, that Newpark did not disturb Ingalls Shipbuilding's ruling that an ALJ did not possess authority to approve a lump sum settlement under section 908(i)(A).
 
 
 [6]
 At the time the settlement order was approved and at the time of Ingalls Shipbuilding, section 908(i)(A) read as follows:
 Whenever the deputy commissioner determines that it is in the best interests of an injured employee entitled to compensation, he may approve agreed settlements of the interested parties, discharging the liability of the employer for such compensation....
 33 U.S.C. Sec. 908(i)(A), amended by Longshore and Harbor Workers' Compensation Act Amendments of 1984, Pub.L. No. 98-426, 8, 98 Stat. 1639, 1646 (1984), now codified, 33 U.S.C. Sec. 908(i)(1).
 
 
 [7]
 See Clefstad v. Perini North River Assoc., 9 Ben.Rev.Bd.Serv. 217 (1978). In Clefstad, the Board, interpreting section 908(i)(A), found that "both deputy commissioners and administrative law judges, within their respective spheres of authority, are empowered by the Act to approve or disapprove agreed settlements by the parties according to the claimant's best interests." Id. at 220
 
 
 [8]
 Section 922 read as of the 1984 amendment:
 Upon his own initiative, or upon the application of any party in interest (including an employer or carrier which has been granted relief under section 908(f) of this title), on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, at any time prior to one year after the date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one year after the rejection of a claim, review a compensation case (including a case under which payments are made pursuant to section 944(i) of this title) in accordance with the procedure prescribed in respect of claims in section 919 of this title, and in accordance with such section issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation. Such new order shall not affect any compensation previously paid, except that an award increasing the compensation rate may be made effective from the date of the injury, and if any part of the compensation due or to become due is unpaid, an award decreasing the compensation rate may be made effective from the date of the injury, and any payment made prior thereto in excess of such decreased rate shall be deducted from any unpaid compensation, in such manner and by such method as may be determined by the deputy commissioner with the approval of the Secretary.
 
 
 [9]
 Downs attempts to characterize his appeal as not "pending" in regard to the 1984 amendment but as "pending" in regard to his section 922 modification. The distinction, if any, is meritless. At the time of the amendment's effective date, his action was certainly "pending" within the ordinary understanding of that word. See Black's Law Dictionary 1021 (5th ed. 1979) ("Began, but not yet completed ... unsettled, undetermined; in the process of settlement or adjustment")
 
 
 [10]
 We note that the Board has refused to apply Ingalls Shipbuilding to cases involving ALJ-approved settlements which arise outside of the Fifth Circuit. See Blake v. Hulbert Field Billeting Fund, 17 Ben.Rev.Bd.Serv. 14 (1985). Furthermore, our research has failed to discover any other court's adoption of the Ingalls Shipbuilding rule
 The 1984 amendment to section 908(i) clearly overrules our decision in Ingalls Shipbuilding. In addition the legislative history of the amendment indicates that one of the chief criticisms of the unamended section was that "it had been alleged that administrative law judges have no authority to approve settlements, which results in excessive litigation." S.Rep. No. 98-81, 98th Cong., 2d Sess. 21, reprinted in 1984 U.S. Code Cong. & Ad.News 2734. One of the primary reasons for the amendment was to clarify this misconception. Id.
 
 
 [11]
 The issue of the ALJ's authority is a question of law. A section 922 proceeding cannot be used to raise a legal issue. See Swain v. Todd Shipyards Corp., 17 Ben.Rev.Bd.Serv. 124, 125 (1985); see also section B of this opinion, infra
 
 
 [12]
 We express no opinion as to a case that might involve significant detrimental reliance on Ingalls Shipbuilding and the retroactivity of the 1984 amendment to section 908(i)
 
 
 [13]
 Even if the 1984 amendment to section 908(i) did not foreclose this attack, Downs is precluded from questioning the ALJ's authority to approve the settlement. Assuming arguendo that Ingalls Shipbuilding was vital and retroactive, Downs failed to raise the ALJ's authority on direct appeal as allowed by 33 U.S.C.A. Sec. 921(b). Pursuant to section 921(a) the settlement order became final within thirty days. The order is therefore res judicata between the parties so that the ALJ's authority, while open to attack on direct appeal, cannot be challenged in this collateral proceeding. See Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 377, 60 S.Ct. 317, 320, 84 L.Ed. 329 (1940); see also note 10 supra
 
 
 [14]
 Texas Star's and Texas Employers' argument that the amendment to section 922 is retrospective and therefore dispositive of this appeal fails to consider the interplay of sections 28(a) and 28(e)(1). To adopt their reading of the statute would require us to rewrite the legislation, a task we cannot and will not perform. See Director, Office of Workers' Compensation Programs v. Rasmussen, 440 U.S. 29, 47, 99 S.Ct. 903, 913, 59 L.Ed.2d 122 (1979)
 
 
 [15]
 We note that Downs has made serious allegations of misconduct against his former counsel, and these allegations could conceivably be the grounds for reopening the settlement as a matter of common law equity, independent of section 922. Howard v. Chris-Craft Corp., 562 F.Supp. 932 (E.D.Tex.1982); see also Larson, Workmen's Compensation Law Sec. 81.51(a) (1985)
 The instances of misconduct are however solely attributable to Downs' former counsel; no fraudulent activity or conduct is in any way linked to his employer or the insurance carrier. As stated by Larson,
 Ignorance or misunderstanding on the claimant's part will not in itself justify reopening a settlement or award, if the employer had nothing to do with inducing claimant's misapprehension.
 Id. Sec. 81.51(b). We therefore find no basis to employ equity to relieve Downs of the settlement agreement he voluntarily, though possibly incorrectly, entered.