859 F.2d 1484
 273 U.S.App.D.C. 337
 Amelia BONILLA, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, U.S.
DEPARTMENT OF LABOR, Georgetown University
Hospital and Aetna Casualty & Surety
Company, Respondents.
 No. 87-1748.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Sept. 23, 1988.
Decided Oct. 21, 1988.
As Amended Jan. 19, 1989.*
 
 A. Palmer Ifill, Washington, D.C., for petitioner.
 David P. Durbin, with whom, James F. Jordan, Washington, D.C., was on the brief for respondents, Georgetown University Hosp. and Aetna Cas. & Sur. Co.
 Samuel J. Oshinsky, Attorney, Dept. of Labor, Washington, D.C., entered an appearance for respondent, Director, Office of Workers' Compensation Programs, U.S. Dept. of Labor.
 Before WALD, Chief Judge, and MIKVA and D.H. GINSBURG, Circuit Judges.
 Opinion for the Court filed by Circuit Judge D.H. GINSBURG.
 D.H. GINSBURG, Circuit Judge:
 
 
 1
 Petitioner Amelia Bonilla challenges a decision of the Benefits Review Board of the United States Department of Labor, which affirmed the decision of an Administrative Law Judge declining to modify the settlement of her workers' compensation claim, to which she had earlier agreed. We conclude that the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. Sec. 901 et seq. (1976), in effect at the time of the settlement provide no basis upon which to disturb the agreement. We therefore affirm the Board's decision.
 
 I. BACKGROUND
 
 2
 In 1978, petitioner suffered a back injury while working as a nurse's aide at Georgetown University Hospital. She settled her workers' compensation claim in 1981 and, in addition to periodic benefits totaling almost $6,000, received $11,200 plus attorney's fees and any future medical expenses, pursuant to an agreement approved by the Deputy Commissioner under section 908 of the Act. At that time, section 908 provided:
 
 
 3
 Whenever the deputy commissioner determines that it is for the best interest of an injured employee entitled to compensation, he may approve settlements of the interested parties, discharging the liability of the employer for ... compensation....
 
 
 4
 33 U.S.C. Sec. 908(i)(A) (1976).
 
 
 5
 Later that same year, petitioner sought to modify the settlement, invoking section 922, which then provided:
 
 
 6
 [U]pon application of any party in interest, on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, at any time prior to one year after the date of the last payment of compensation, whether or not a compensation order has been issued, ... review a compensation case....
 
 
 7
 33 U.S.C. Sec. 922 (1976). She alleged both a change in her condition as well as a mistake of fact by the Deputy Commissioner. The Deputy Commissioner, who denied petitioner's request to modify, was upheld by the ALJ; the Board affirmed.
 
 
 8
 Before this court, petitioner makes two arguments. First, she maintains that the applicable version of section 922 permits modification of settlements; in this regard, we note that only in 1984 did Congress amend section 922 by adding the express declaration that "[t]his section does not authorize the modification of settlements." 33 U.S.C. Sec. 922 (Supp. II 1984). Second, she argues that, quite apart from section 922, the settlement was not in her "best interest" within the meaning of section 908 and, therefore, should not have been approved in the first place.
 
 II. STATUTORY CONSTRUCTION
 
 9
 The relationship between sections 908 and 922 of the Act, particularly the significance of the 1984 amendment to section 922, is a question of first impression in this circuit. It has been met by the Fifth Circuit, however, which held in Downs v. Director, Office of Workers' Compensation Programs, 803 F.2d 193 (5th Cir.1986), that the applicable version of section 922 did not authorize the Deputy Commissioner to modify a settlement entered pursuant to section 908. We find the rationale of Downs persuasive:
 
 
 10
 To allow reopening of final settlements through section 922 actions could create uncertainty as to an employer's release from liability and thereby promote reluctance to settle claims. Such a result would frustrate the very purpose of section 908(i), i.e. the fair and just settlement of claims in the employee's best interest.
 
 
 11
 803 F.2d at 200.
 
 
 12
 We are mindful that the 1984 amendment to section 922, quoted earlier, could be taken to imply that the section had theretofore authorized the modification of settlements. The Board, held otherwise, however, and we can hardly say that its interpretation is unreasonable.
 
 
 13
 Despite more than fifty years of precedent, petitioner has produced no authority reflecting her interpretation and rejecting the Board's. Nothing in the legislative history of section 922, which was enacted in 1927 and amended in 1934, and again in 1938 when section 908(i) was added to the Act, suggests that it could be so used before 1984. See H.R.Rep. No. 1767, 69th Cong. (1927); S.Rep. No. 588, 73rd Cong. (1934); H.R.Rep. No. 1945, 75th Cong. (1938). If even the 1984 Congress had been under that impression, we would perhaps have reason at least to pause, but the legislative history of the 1984 amendments reveals no such understanding. See H.R.Conf.Rep. No. 1027, 98th Cong. 32-33 (1984). It appears, therefore, that the amendment merely made express, and did not alter, the meaning of section 922, as enacted and reenacted since 1927.
 
 
 14
 Accordingly, we uphold as reasonable the Board's decision that section 922 did not authorize modification of a settlement approved under section 908 prior to 1984.
 
 III. SETTLEMENT FINDINGS
 
 15
 Petitioner next argues that this court should set aside the settlement agreement because it was not, as required by section 908, in her "best interest" when entered. More particularly, the regulations implementing that section provide that:
 
 
 16
 If the deputy commissioner determines that the injured employee is entitled to compensation and that the proposed settlement agreement ... is for the best interests of such employee, he shall file a compensation order making necessary findings of fact relative to the character and quality of disability and the effect of same with respect to the employee's wage earning capacity prior to approving such settlement....
 
 
 17
 20 C.F.R. Sec. 702.241(c) (1981). Petitioner argues that the Deputy Commissioner failed to make necessary findings concerning "the character and quality" of her disability and its effect on her wage earning capacity.
 
 
 18
 It is clear enough that the compensation order, which is apparently on an OWCP form ("Form LS-465") does not itself recite all the required findings; it does recite, however, that the Deputy Commissioner acted "[p]ursuant to agreement and stipulation by and between the interested parties." In the "joint petition" of settlement thus referred to, the parties related to the Deputy Commissioner that petitioner's doctor had diagnosed her condition as a "lumbo-sacral sprain," and that four other physicians "[found] that she has no evidence of ratable permanent partial disability...." Accordingly, petitioner specifically "acknowledge[d] that it will be difficult to establish that [she] has suffered any significant residual disability from this injury." The necessary implication of this statement is that the effect of petitioner's condition on her wage earning capacity would, in all probability, be minimal. Not surprisingly, therefore, the letter expressed the parties' belief that the proposed settlement was "in the claimant's best interest." Not surprisingly, again, the Deputy Commissioner agreed.*
 
 
 19
 Petitioner, in effect, challenges the Deputy Commissioner's "best interest" determination on the ground that her own ex ante assessment of the medical evidence later proved incorrect; her condition has allegedly worsened. In these circumstances, we find no basis in the Act, or in the regulations implementing it, upon which to fault the Deputy Commissioner for relying, at the time of settlement, on petitioner's agreed description of the character and quality of her injury and on the clear implication that her earning capacity was not significantly diminished.
 
 IV. CONCLUSION
 
 20
 Since petitioner has not established any basis upon which to disturb the settlement agreement, the decision of the Board is
 
 
 21
 AFFIRMED.
 
 
 
 *
 The Order amending this opinion is published at 866 F.2d 451
 
 
 *
 Petitioner notes that the Deputy Commissioner was not apprised of another doctor's report, which concluded that she had suffered a 15 percent permanent disability. This report was addressed to, and procured by, petitioner's counsel, who joined in signing the settlement agreement although it made no reference to this (legally) more favorable report. This medical report should have been noted in the settlement petition, but its omission can hardly be deemed material. Moreover, such omission was apparently inadvertent, since the settlement agreement specifically refers to the report in the context of requesting attorney's fees to cover the cost of the report